**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| R.F.M., T.D., S.W., and D.A.F.A., on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v . | |
| KIRSTJEN NIELSEN, in her capacity as Secretary of the Department of Homeland Security; LEE FRANCIS CISSNA, in his capacity as Director of United States Citizenship and Immigration Services; BARBARA VELARDE, in her capacity as Chief of the Administrative Appeals Office of United States Citizenship and Immigration Services; ROBERT M. COWAN, in his capacity as Director of the United States Citizenship and Immigration Services National Benefits Center; THOMAS CIOPPA, in his capacity as Director of the United States Citizenship and Immigration Services New York City District Office; EDWARD NEWMAN, in his capacity as Director of the United States Citizenship and Immigration Services Buffalo District Office; DANIEL RENAUD, in his capacity as Associate Director of United States Citizenship and Immigration Services Field Operations Directorate; GWYNNE DINOLFO, in her capacity as United States Citizenship and Immigration Services Albany Field Office Director; GINA PASTORE, in her capacity as United States Citizenship and Immigration Services Brooklyn Field Office Director; CARMEN WHALING, in her capacity as United States Citizenship and Immigration Services Buffalo and Syracuse Field Office Director; ELIZABETH MILLER, in her capacity as United States Citizenship and Immigration Services Long Island Field Office Director; WILLIAM BIERMAN, in his capacity as United States Citizenship and Immigration Services New York Field Office Director; and BRIAN MEIER, in his capacity as United States Citizenship and Immigration Services Queens Field Office Director, | 18 Civ. 5068 |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**LEAVE TO PROCEED ANONYMOUSLY**

## TABLE OF CONTENTS

ARGUMENT ...................................................................................................... 1

I.      COURTS REGULARLY ALLOW PLAINTIFFS TO PROCEED
        ANONYMOUSLY ................................................................................... 1

II.     THE *SEALED PLAINTIFF* FACTORS STRONGLY FAVOR ANONYMITY OF
        PLAINTIFFS ........................................................................................... 3

        A.      Factor One – Matters That Are Highly Sensitive And Of A Personal Nature ........ 3

        B.      Factor Two – Risk Of Retaliation ............................................................. 4

        C.      Factor Four – Vulnerability ..................................................................... 5

        D.      Factor Five – Claims Against The Federal Government ................................. 5

        E.      Factor Six – Prejudice To The Defendant ................................................... 6

        F.      Factor Seven – Anonymity Thus Far ......................................................... 6

        G.      Factors Eight And Nine – No Public Interest In Requiring Disclosure And Purely
                Legal Nature Of Issues Presented ............................................................. 7

III.    THE PUBLIC INTEREST STRONGLY FAVORS PLAINTIFFS' REQUEST
        FOR ANONYMITY ................................................................................ 7

CONCLUSION ................................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Doe v. Barrow Cty.,*,
   219 F.R.D. 189 (N.D.Ga.2003)...................................................................................6

*Doe v. City of New York*,
   No. 85-Civ-4191, 1985 U.S. Dist. LEXIS 12970 (S.D.N.Y. Dec. 10, 1985) ......................4, 6

*Doe v. Del Rio*,
   241 F.R.D. 154 (S.D.N.Y. 2006) .............................................................................4, 7

*Doe v. Oshrin*,
   299 F.R.D. 100 (D.N.J. 2014) .................................................................................6

*Doe v. Smith*,
   105 F.Supp.2d 40 (E.D.N.Y. 1999) ........................................................................6

*Doe v. United Servs. Life Ins. Co.*,
   123 F.R.D. 437 (S.D.N.Y. 1988) ...........................................................................4

*Doe v. Univ. of Conn.*,
   No. 3:09-Civ-1071, 2013 U.S. Dist. LEXIS 119251 (D. Conn. Aug. 22, 2013) ......................4

*EW v. New York Blood Ctr.*,
   213 F.R.D. 108 (E.D.N.Y. 2003) .......................................................................1, 6, 7

*Ga. Latino All. for Human Rights v. Deal*,
   793 F. Supp. 2d 1317 (N.D. Ga. 2011), *aff'd in part, rev'd in part on other*
   *grounds*, *Ga. Latino Alliance for Human Rights v. Governor of Ga.*, 691 F.3d
   1250 (11th Cir. 2012).............................................................................................2

*Lozano v. City of Hazelton*,
   620 F.3d 170 (3d Cir. 2010), *vacated on other grounds*, 131 S. Ct. 2958
   (2011).......................................................................................................................2

*Moe v. Dinkins*,
   533 F. Supp. 623 (S.D.N.Y. 1981), *aff'd*, 669 F.2d 67 (2d Cir. 1982) .................................1, 5

*Plaintiffs # 1-21 v County of Suffolk*,
   138 F. Supp. 3d 264 (E.D.N.Y. 2015) ..................................................................6

*Roe v. Aware Woman Ctr. for Choice, Inc.*,
   253 F.3d 678 (11th Cir. 2001) ...............................................................................6

*Sealed Plaintiff v. Sealed Defendant*,
537 F.3d 185 (2d Cir. 2008)......................................................................2, 3, 4, 5

## STATUTES

8 U.S.C. § 1101(a)(27)(J) .............................................................................1, 3

8 U.S.C. § 1357(h) ............................................................................................3

N.Y. Family Ct. Act § 166................................................................................3, 7

## RULES

Fed. R. Civ. P. 5.2(a) .......................................................................................1

Fed. R. Civ. P. 5.2(c) .......................................................................................4

Fed. R. Civ. P. 10(a) ........................................................................................1

## REGULATIONS

8 C.F.R. § 204.11 .............................................................................................3

8 C.F.R. § 204.11 (2)(d)(ii) ..............................................................................7

Privacy Policy Guidance Memorandum, *available at*
https://www.dhs.gov/sites/default/files/publications/Privacy%20Policy%20Gu
idance%20Memo%202017-01%20-%20FINAL.pdf.................................7

5 USCIS POLICY MANUAL, (A)(2) ..................................................................6

5 USCIS POLICY MANUAL (A)(3)....................................................................6

## OTHER AUTHORITIES

Camille Padilla-Dalmau, "A Tenants' Rights Guide for the Undocumented," .............................5

Spanish: Jessy Edwards, "Man Threatens to Call ICE When He Hears Workers
Speaking Spanish in Midtown Café," NBC New York, May 17, 2018,
*available at* https://www.nbcnewyork.com/news/local/Man-Threatens-to-Call-
ICE-When-He-Hears-Workers-Speaking-Spanish-in-Midtown-Sandwich-
Shop--482824731.html ................................................................................5

"Trump Calls Some Unauthorized Immigrants 'Animals' in Rant," New York
Times, May 16, 2018, *available at*
https://www.nytimes.com/2018/05/16/us/politics/trump-undocumented-
immigrants-animals.html; ..........................................................................5

Voices of NY, April 13, 2017, *available at* https://voicesofny.org/2017/04/a-tenants-rights-guide-for-the-undocumented/ ...........................................................................5

This action challenges the practice of the U.S. Citizenship and Immigration Services ("USCIS") of wrongfully denying Special Immigrant Juvenile status ("SIJS") to immigrants in New York who have applied or will apply for SIJS status between the ages of 18 and 21 years old.  Plaintiffs R.F.M., T.D., S.W., and D.A.F.A. ("Plaintiffs") submit this Memorandum of Law in support of Plaintiffs' Motion for Leave to Proceed Anonymously.

Allowing Plaintiffs to proceed anonymously will protect their highly sensitive and personal information that is at the heart of this litigation.  This information includes their immigration status and that of their family members.  It also includes the fact of their abuse, neglect or abandonment by one or both parents, and that return to their previous country is not in their best interest.  8 U.S.C. § 1101(a)(27)(J).  There is no prejudice to the Defendants in allowing Plaintiffs to proceed anonymously, nor is there any significant public interest in the disclosure of the Plaintiffs' identities.  To the contrary, the public interest in this case compels granting this request to proceed anonymously.

## ARGUMENT

## I.    COURTS REGULARLY ALLOW PLAINTIFFS TO PROCEED ANONYMOUSLY

Although Rule 10(a) of the Federal Rules of Civil Procedure requires the title of a complaint to name all parties, district courts have wide discretion to make exceptions to that mandate.[1]  *See, e.g.*, *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); *Moe v. Dinkins*, 533 F. Supp. 623, 627 (S.D.N.Y. 1981), *aff'd*, 669 F.2d 67 (2d Cir. 1982).  Indeed, courts have routinely recognized the particular vulnerability of undocumented immigrants and

___

[1] The Federal Rules of Civil Procedure provide one categorical exception, requiring that all litigation on behalf of minors identify the minors by initials only in all court filings.  Fed. R. Civ. P. 5.2(a) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only . . . . the minor's initials . . . .").

1

allowed them to proceed anonymously.  *See, e.g.*, *Lozano v. City of Hazelton*, 620 F.3d 170, 194-95 (3d Cir. 2010), *vacated on other grounds*, 131 S. Ct. 2958 (2011); *Ga. Latino All. for Human Rights v. Deal*, 793 F. Supp. 2d 1317 (N.D. Ga. 2011), *aff'd in part, rev'd in part on other grounds*, *Ga. Latino All. for Human Rights v. Governor of Ga.*, 691 F.3d 1250 (11th Cir. 2012).

In the Second Circuit, "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).  The Court of Appeals for the Second Circuit has identified ten non-exhaustive factors to be taken into account:

(1)     whether the litigation involves matters that are highly sensitive and of a personal nature;

(2)     whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

(3)     whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4)     whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;

(5)     whether the suit is challenging the actions of the government or that of private parties;

(6)     whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7)     whether the plaintiff's identity has thus far been kept confidential;

(8)     whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9)     whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10)    whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 189-90 (internal citations, quotations, and alterations omitted).

The application of these factors supports Plaintiffs' request to proceed anonymously.

## II.     THE *SEALED PLAINTIFF* FACTORS STRONGLY FAVOR ANONYMITY OF PLAINTIFFS

Consideration of the first, second, fourth, fifth, sixth, seventh, eighth and ninth *Sealed Plaintiff* factors supports Plaintiffs' application for anonymity.

### A.     Factor One – Matters That Are Highly Sensitive And Of A Personal Nature

This litigation "involves matters that are highly sensitive and of a personal nature." *Sealed Plaintiff*, 537 F.3d at 190.  The Plaintiffs are by definition young people for whom a state court with child welfare expertise has found reunification with one or more of their parents is not viable because of abuse, neglect or abandonment, or a similar basis under state law.  *See,* 8 U.S.C. § 1101(a)(27)(J); 8 C.F.R. § 204.11; *see also* Declarations of R.F.M.,T.D., S.W., and D.A.F.A (describing abuse, neglect or abandonment by parents).  In recognition of the highly sensitive nature of the information at issue, the records of proceedings in New York's Family Courts are protected by law from indiscriminate public inspection.  N.Y. Family Court Act § 166.  Concern about the sensitive nature of information at issue in immigration proceedings for young people is similarly made clear in the Immigration and Nationality Act.[2]  A recognition of

---

[2] Section 287 of the Immigration and Nationality Act provides "[a]n alien described in section 1101(a)(27)(J) of the [Immigration and Nationality Act] who has been battered, abused, neglected, or abandoned, shall not be compelled to contact the alleged abuser (or family member of the alleged abuser) at any stage of applying for special immigrant juvenile status, including after a request for the consent of the Secretary of Homeland Security under section 101(a)(27)(J)(iii)(I) of [such Act]." 8 U.S.C. 1357(h).

the sensitive nature of information in immigration proceedings is also reflected in Rule 5.2(c) of

the Federal Rules of Civil Procedure, which explicitly restricts access to electronic files in

immigration cases.  Fed. R. Civ. P. 5.2(c); *see also* 2007 Advisory Committee Notes

(Immigration and Social Security cases "are entitled to special treatment due to the prevalence of

sensitive information and the volume of filings.").

      Even where there have not been the same statutory protections, courts have allowed

parties to remain anonymous when cases involved similarly private characteristics.  *Doe v. Univ.*

*of Conn.*, No. 3:09-Civ-1071, 2013 U.S. Dist. LEXIS 119251, at *88 (D. Conn. Aug. 22, 2013)

(holding that history of emotional disorders was "highly sensitive and of a personal nature")

(internal quotation marks omitted); *Doe v. City of New York*, No. 85-Civ-4191, 1985 U.S. Dist.

LEXIS 12970 at *3-4  (S.D.N.Y. Dec. 10, 1985) (permitting homeless plaintiffs to proceed

anonymously because of potential embarrassment); *Doe v. United Servs. Life Ins. Co.*, 123

F.R.D. 437, 439 (S.D.N.Y. 1988) (collecting cases where parties were permitted to remain

anonymous in cases involving abortion, birth control, transsexuality, mental illness, and welfare

rights of illegitimate children).

      **B.**    **Factor Two – Risk Of Retaliation**

      Identification of the Plaintiffs in this matter may pose a risk of retaliation.  *Sealed*

*Plaintiff*, 537 F.3d at 190.  In order to warrant anonymity, the possible retaliatory harm need not

be physical in nature.  *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) ("[t]he risk of injury

may be physical or psychological").  Here, disclosure of the identities of the Named Plaintiffs

could lead to retaliation from local police or federal immigration authorities, employers, school

personnel, family members, and the public at large.  Inflamed in part by President Trump's anti-

immigration rhetoric, undocumented immigrants are at risk of retaliation merely by publicly acknowledging their status.[3]

### C.     Factor Four – Vulnerability

Plaintiffs are particularly vulnerable to the harms of disclosure due to their young age. *Sealed Plaintiff*, 537 F.3d at 190; *see also Moe v. Dinkins*, 533 F. Supp. 623, 627 (S.D.N.Y. 1981), aff'd, 669 F.2d 67 (2d Cir. 1982) ("It is common for plaintiffs, both minors and those over the age of majority, to be permitted to proceed under a pseudonym where the case concerns matters of a highly sensitive and personal nature . . . .") (citations omitted).  Plaintiffs are young, and disclosure of their immigration status may have an adverse effect on their abilities to be gainfully employed and have a sustainable and independent livelihood.  Their youth and inexperience would make it much more difficult for Plaintiffs to overcome these and other challenges they would face if their identities were disclosed.

### D.     Factor Five – Claims Against The Federal Government

The fact that this litigation is brought against the federal government, and not a private person, favors anonymity of Plaintiffs.  *Sealed Plaintiff*, 537 F.3d at 190. "[W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong.  In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and

---

[3] *See, e.g.*, "Trump Calls Some Unauthorized Immigrants 'Animals' in Rant," New York Times, May 16, 2018, *available at* https://www.nytimes.com/2018/05/16/us/politics/trump-undocumented-immigrants-animals.html; Camille Padilla-Dalmau, "A Tenants' Rights Guide for the Undocumented," Voices of NY, April 13, 2017, (describing intimidation, harassment and discrimination of undocumented tenants by their landlords in New York), *available at* https://voicesofny.org/2017/04/a-tenants-rights-guide-for-the-undocumented/.  Individuals perceived to be undocumented face public harassment in New York, as evidenced by a video that went viral in May 2018 of a man threatening employees at a New York deli that he will call ICE because he overheard employees speaking Spanish: Jessy Edwards, "Man Threatens to Call ICE When He Hears Workers Speaking Spanish in Midtown Café," NBC New York, May 17, 2018, *available at* https://www.nbcnewyork.com/news/local/Man-Threatens-to-Call-ICE-When-He-Hears-Workers-Speaking-Spanish-in-Midtown-Sandwich-Shop--482824731.html.

there is arguably a public interest in a vindication of his rights.  In addition, the government is

viewed as having a less significant interest in protecting its reputation from damaging allegations

than the ordinary individual defendant." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111

(E.D.N.Y. 2003) (citation omitted).

       **E.**      **Factor Six – Prejudice To The Defendant**

Defendant's ability to defend this action will not be impaired by permitting Plaintiffs to

proceed anonymously.  At the appropriate time, Plaintiffs are willing to disclose identifying

information to the Court and Defendant, as well as any other parties that are covered by a

confidentiality and protective order that the Plaintiffs will soon request from the Court.  Plaintiffs

will be made available to the Defendants for discovery purposes, if needed.

Courts are particularly willing to allow the plaintiffs to proceed anonymously where, as

here, the plaintiffs' identities are not shielded from the defendants, but rather protected from

public disclosure by protective order. *See, e.g., Plaintiffs # 1-21 v County of Suffolk,* 138 F. Supp.

3d 264, 277 (E.D.N.Y. 2015); *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 687

(11th Cir. 2001); *Doe v. Oshrin,* 299 F.R.D. 100, 101 (D.N.J. 2014); *Doe v. Barrow Cty.,.,* 219

F.R.D. 189, 194 (N.D.Ga.2003); *Doe v. Smith*, 105 F.Supp.2d 40, 45 (E.D.N.Y. 1999); *Doe v.

City of New York*, No. 85-Civ-4191 (JFK) 1985 U.S. Dist. LEXIS 12970, at *3-4 (S.D.N.Y. Dec.

10, 1985).

       **F.**      **Factor Seven – Anonymity Thus Far**

Anonymity is preferred because upon information and belief, Plaintiffs' identities have

been kept confidential thus far, and counsel intends to keep them confidential in the future if

permitted by the Court.[4]  As noted above, the records of proceedings in New York's Family

---

[4] The USCIS policy manual indicates that the agency does not share personally identifiable information as a matter
of policy "regardless of whether the person is a U.S. citizen, lawful permanent resident, visitor to the United States,

Courts, where the requisite SIJS findings are issued,[5] are protected by law from indiscriminate public inspection.  N.Y. Family Court Act §166.

> **G.  Factors Eight And Nine – No Public Interest In Requiring Disclosure And Purely Legal Nature Of Issues Presented**

There is an "atypically weak public interest in knowing the litigants' identities" because this is a class action.  *EW*, at 110 ("[I]n a class action context challenging governmental action, the individual defendant's personal characteristics (such as credibility) are generally not in issue.") (internal citation omitted).  Where, as here, "a lawsuit is brought solely against the government and seeks to raise an abstract question of law that affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process." *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) (internal citations omitted).

## III.  THE PUBLIC INTEREST STRONGLY FAVORS PLAINTIFFS' REQUEST FOR ANONYMITY

Plaintiffs in this action are some of the most vulnerable individuals in the State of New York.  They have turned to this Court to require the federal government to consider their applications for SIJS status consistently with the applicable law and regulations, so that they can have a chance to become U.S. citizens.  It is in the public interest to ensure that the federal government is held accountable to its own laws.  In order to do so, these claims must be heard.

---

or a DHS employee or contractor."  USCIS Policy Manual, Ch. 5(A)(2); *see also id.* 5(A)(3) ("While the Privacy Act is limited to the protection of information regarding a lawful permanent resident or U.S. citizen, by policy, this protection is extended to all persons.").  DHS has subsequently issued guidance indicating that the data of noncitizens and non-LPRs would be disclosed only upon a "balancing analysis" of the public's right to know against the private individual's privacy interests to determine whether disclosure is appropriate.  See Privacy Policy Guidance Memorandum, *available at*
https://www.dhs.gov/sites/default/files/publications/Privacy%20Policy%20Guidance%20Memo%202017-01%20-%20FINAL.pdf.

[5] 8 C.F.R. § 204.11 (2)(d)(ii).

Allowing these claims to proceed anonymously ensures that these life-altering claims can be heard as Plaintiffs and other putative class members will be able to come forward without fear of retaliation.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to Proceed Anonymously.

Dated:  June 7, 2018
        New York, New York                    Respectfully submitted,

                                              /s/ Robert J. Malionek
                                              Robert J. Malionek
                                              Nicholas L. McQuaid
                                              Virginia F. Tent
                                              Alexander R. DeLisi
                                              LATHAM & WATKINS LLP
                                              885 Third Avenue
                                              New York, NY 10022
                                              Tel: (212) 906-1200
                                              Robert.Malionek@lw.com
                                              Nicholas.McQuaid@lw.com
                                              Virginia.Tent@lw.com
                                              Alexander.DeLisi@lw.com

                                              Seymour James
                                              Adriene Holder
                                              Hasan Shafiqullah
                                              Judith Goldiner
                                              Lisa Freeman
                                              Beth Krause(*pro hac vice* forthcoming)
                                              Jennifer Levy
                                              Julie Dona
                                              Theresa B. Moser
                                              THE LEGAL AID SOCIETY
                                              199 Water Street, 3rd Floor
                                              New York, NY 10038
                                              (212) 577-3536
                                              JLevy@legal-aid.org

                                              *Attorneys for Plaintiffs*

9