

**U.S. Department of Justice**

*United States Attorney
Southern District of New York*

*86 Chambers Street
New York, New York 10007*

July 5, 2018

**VIA ECF**
Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Zabaleta v. Nielsen*, 17 Civ. 7512 (JGK)
              *Zabaleta v. Decker*, 18 Civ. 1802 (JGK)
              *R.F.M. v. Nielsen*, 18 Civ. 5068 (JGK)

Dear Judge Koeltl:

      This Office represents Defendants (the "Government") in the above-referenced actions. We write to respond to Plaintiffs' letter filed on July 3, 2018 ("Pls.' Ltr.") [ECF No. 37] and to respectfully request that this Court: (1) direct Plaintiffs' counsel to immediately provide the Government with the full names and alien registration numbers ("A-numbers") of named plaintiffs R.F.M., T.D., S.W., and D.A.F.A., without the entry of a protective order; and (2) endorse the Government's proposed briefing schedules in all three cases, as set forth in Part B of this letter.

**A.     The Release of the Named Plaintiffs' Full Names and A-Numbers to the Government in *R.F.M.* Should Not Be Conditioned on a Protective Order**

      The full identities and A-numbers of the named Plaintiffs in *R.F.M.* have been critical to the Government's ability to respond to Plaintiffs' motions and to identify all appropriate defenses. However, citing nothing more than vague and generalized concerns about Government "retaliation" upon the release of this information to Government counsel, *see* Pls.' Ltr. at 2 & Ex. B, Plaintiffs have refused to provide basic identifying information about their named class members absent the entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. As the Second Circuit has observed, Rule 26(c) "is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on *discovery* in order to prevent injury, harassment, or abuse of the court's processes." *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2d Cir. 1983) (emphasis in original) (citing *Int'l Products Corp. v. Koons*, 325 F.3d 403, 406 (2d Cir. 1963), and *Rodgers v. United States Steel Corp.*, 536 F.2d 1001, 1008 (3d Cir. 1976)). Nothing in the plain language of Rule 26(c) warrants entering a protective order before a plaintiffs' *identity* is disclosed at the inception of a case, and well before defendant's time to respond to the complaint has run and before any discovery has occurred.

Honorable John G. Koeltl                                                                                              Page 2 of 5
July 5, 2018

      "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c), but "[c]ase law is clear . . . that '[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Allen v. City of New York*, 420 F. Supp. 2d 295, 302 (S.D.N.Y. 2006) (citation omitted).   In contrast with other reported decisions where "good cause" for a protective order was found, Plaintiffs' vague and speculative fear of "retaliation" does not constitute "good cause" for a protective order governing the disclosure of the named Plaintiffs' identities to the Government.  *See, e.g., Centeno-Bernuy v. Becker Farms*, 219 F.R.D. 59, 61-62 (W.D.N.Y. 2003) (granting migrant agricultural workers' request for a Rule 26(c) order precluding disclosure of plaintiffs' current residences and current places of employment to former owner of defendant-employer, where owner recorded radio broadcast in which he claimed to have reported plaintiffs to INS and attempted to inform INS and other law enforcement agencies about where plaintiffs could be located, and owner sent plaintiffs' counsel letters both alleging that plaintiffs were members of a terrorist group and recounting his efforts to get plaintiffs arrested and deported).  If one were to apply the logic of Plaintiffs' assertions here, every litigant challenging an adverse immigration decision against him or her has a *per se* fear of removal and other "risk of retaliation from local police and federal immigration authorities," *see* Pls' Ex. A, at 1, that establish "good cause" for a protective order before Government counsel can know his or her full name and A-number.  To the extent Plaintiffs are concerned that the Government will initiate removal proceedings as a punitive measure against three of the four named Plaintiffs who are presently not subject to removal proceedings solely because they are litigants in this case, *see* Pls.' Ltr. Ex. B, at 25, the Government has represented on the record that it has no intention to act in bad faith against them.  *Id.* at 27.   The Government is also aware of Plaintiffs' motion to proceed anonymously and will not disclose their full names and A-numbers in any court filings until this Court has adjudicated that motion.  Accordingly, no protective order is necessary or appropriate for the release of the named Plaintiffs' identifying information to the Government.

      Even if this Court were to grant Plaintiffs' request, their proposed order, *see* Pls.' Ltr., Ex. A, imposes unreasonable burdens and restrictions on the Government.  First, any disclosures of the named Plaintiffs' identifying information to Government counsel in these cases do not prevent the Government from initiating or proceeding with removal proceedings based on information that is already available to other federal employees who are not involved with this litigation. In addition, the proposed order's broad prohibition against "any form of retaliation" against Plaintiffs, *id.,* is vague and improper because it arguably enjoins any and all governmental action that may be lawfully taken for the purpose of enforcing the criminal laws or in furtherance of any civil enforcement or regulatory proceedings.  Furthermore, the proposed order allows Government counsel to disclose Plaintiffs' identifying information only to the named Defendants, *id.* ¶ 2(a), but not to non-Defendant agency personnel with knowledge of or access to critical information needed for the Government to defend its case.  The Government is further limited to sharing Plaintiffs' identifying information to "Counsel of record for Defendants," *id.* ¶ 2(b), which are the three Assistant United States Attorneys who have entered notices of appearance in these cases. But this limitation excludes, among others, supervisory attorneys at the U.S. Attorney's Office, any other attorney with the Department of Justice, and

Honorable John G. Koeltl  Page 2 of 5
July 5, 2018

agency counsel at USCIS and DHS, many of whom have decisionmaking authority over litigation strategy and the Government's legal positions. To the extent the Government needs to share Plaintiffs' identifying information with agency personnel other than the named Defendants and with government attorneys other than the three AUSAs who have appeared, the Government must first obtain a Court-ordered stipulation executed by both parties' counsel. *Id.* ¶ 2(d).

Finally, the proposed order provides that "[t]o the extent not superseded by a decision on Plaintiff's motion for leave to proceed anonymously," the order—with its prohibitions against removal and "retaliation," among others— "will survive the termination of this action and will continue to be binding upon Defendants and their counsel." *Id.* ¶ 3. This paragraph improperly bars the Government from initiating any removal action or any other lawful action that Plaintiffs consider "retaliatory" for all time, even if this Court finds for the Government on the merits, and enters judgment in the Government's favor. Accordingly, this Court should reject Plaintiffs' proposed order and direct the immediate release of the named Plaintiffs' identifying information to the Government.

**B.    Proposed Briefing Schedules**

1. *R.F.M. v. Nielsen*, 18 Civ. 5068 (the putative class action)

   - Eighteen days after receiving the identifying information of the putative class members, Defendants will file their administrative record. (The Government's time to file their administrative record is enlarged by four days from Plaintiffs' proposal because the alien registration files may not be immediately accessible.)

   - Four weeks after filing the administrative record, Defendants will respond to Plaintiffs' motions to proceed using initials, for a preliminary injunction, and for class certification in the *RFM v. Nielsen* case. (The Government's time to file their responses to these motions is enlarged by an additional two weeks from Plaintiffs' proposals because of the volume of briefing involved in this case, the unavailability of Government counsel in August due to previously scheduled overseas travel and a scheduled bench trial set for August 20, and competing briefing deadlines in three other matters between now and early August.)

   - Plaintiffs' reply briefs in further support of their motions to proceed using initials, for a preliminary injunction, and for class certification to be filed two weeks after the Government's opposition briefs. (Same as Plaintiffs' proposal.)

   - Three weeks after Defendants respond to Plaintiffs' motions to proceed using initials, for a preliminary injunction, and for class certification, Defendants will file their dispositive motion. Plaintiffs shall file their opposition within

Honorable John G. Koeltl  Page 2 of 5
July 5, 2018

    three weeks.  Defendants' reply shall be filed two weeks after Plaintiffs' opposition. (Same as Plaintiffs' proposal, except the deadline for Defendants' dispositive motion has been enlarged by an additional week.)

2. *Zabaleta v. Nielsen*, 17 Civ. 7512 (the individual APA action)

   - Defendants will file their administrative record in *Zabaleta v. Nielsen* on the same day that they file the administrative record in *R.F.M.*.  (Same as Plaintiffs' proposal.)

   - On the same day that Defendants file a dispositive motion in *R.F.M.*, they will also file a dispositive motion in *Zabaleta v. Nielsen*.  Plaintiffs shall file their opposition within three weeks.  Defendants' reply shall be filed two weeks after Plaintiffs' opposition. (Same as Plaintiffs' proposal.)

3. *Zabaleta v. Decker*, 18 Civ. 1802 (the habeas action)

   - The Government requests that the Court adopt the following proposed briefing schedule on the amended habeas petition, which was filed on the evening of July 3, 2018: (1) the Government's response to the amended petition due by July 24, 2018, and (2) the petitioner's reply due by August 7, 2018.  Under the Government's proposed schedule, the Government's response to the amended petition would be due three weeks after the petitioner filed the amended petition, and the petitioner's reply would be due two weeks later.  Under the petitioner's proposed schedule, the Government would have 9 business days to respond to the amended petition (by July 13) and the petitioner would be permitted 13 business days to file a reply (by August 3).

     The Government requests three weeks to respond to the amended petition for several reasons.  Among other things, this Office needs time to obtain and review the record from the bond hearing and decision that the petitioner now challenges in the amended petition.  Because such hearings are not transcribed by the Executive Office for Immigration Review ("EOIR"), this Office is in the process of obtaining the audio file for that bond hearing and will then be sending the audio out for transcription.  Because the petitioner's amended petition challenges the process that he received, including the most recent bond hearing, a copy of the transcript from the bond hearing would provide the best evidence of what actually occurred before the immigration judge, including which arguments were advanced.  The government's ability to defend against and respond to the amended petition would be significantly hampered unless this Office has an opportunity to examine the transcript of the bond hearing at issue.

\* \* \*

Honorable John G. Koeltl  Page 2 of 5
July 5, 2018

    Finally, as stated during the conference and affirmed by Plaintiffs' counsel, *see* Pls.' Ltr., Ex. B at 21-22, to the extent an alien is in removal proceedings and denied relief by an immigration judge, removal is stayed upon timely filing an appeal to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.6 (providing for automatic stay); 8 C.F.R. § 1241.1 (an order of removal does not become final until either (i) an appeal is dismissed, or (ii) petitioner fails to file an appeal within the statutory deadline).

    We thank the Court for its consideration of this letter.

                                          Respectfully submitted,

                                          GEOFFREY S. BERMAN
                                          United States Attorney

By:     */s/ Kirti Vaidya Reddy*
                KIRTI VAIDYA REDDY
                TOMOKO ONOZAWA
                BRANDON M. WATERMAN
                Assistant United States Attorneys
                Tel: (212) 637-2751/2721/2741
                Fax: (212) 637-2686
                Email: kirti.reddy@usdoj.gov
                            tomoko.onozawa@usdoj.gov
                            brandon.waterman@usdoj.gov

cc:     All Plaintiffs of Record (via ECF)