UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.F.M., T.D., S.W., D.A.F.A., and O.M.S., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, *et al.*,<br><br>Defendants. | Case No. 18-CV-5068 (JGK) (OTW) |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
CROSS-MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

                                                                                                                               **Page**

INTRODUCTION ................................................................................................................1

ARGUMENT ......................................................................................................................1

I.      NO MATTER WHAT DEFENDANTS CALL IT, USCIS HAS CHANGED ITS
POLICY FOR ADJUDICATING 18 TO 20 YEAR-OLDS' SIJS PETITIONS .................1

II.     THE OVER-18-DENIAL POLICY IS ARBITRARY AND CAPRICIOUS
BECAUSE USCIS MISINTERPRETS FEDERAL AND NEW YORK LAW .................2

         A.      The Family Court Is A "Juvenile Court" With Respect To Plaintiffs .....................2

         B.      The Family Court Has Authority To Find That Reunification Is Not Viable..........5

III.    USCIS CANNOT CIRCUMVENT JUDICIAL REVIEW BY RELYING ON
THE INA'S JURISDICTION-STRIPPING PROVISIONS ...............................................7

CONCLUSION....................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*In re Antowa McD.*,
  50 A.D.3d 507, 2008 NY Slip Op 03690 (1st Dep't 2008) ....................................................... 3

*Firstland Intern., Inc. v. U.S. I.N.S.*,
  377 F.3d 127 (2d Cir. 2004) ..................................................................................................... 7

*J.L. et al. v. Lee Francis Cissna et al.*,
  2018 U.S. Dist. LEXIS 182702 (N.D. Cal. Oct. 24, 2018) ............................................... 4, 5, 6

*In re Karen C.*,
  111 A.D.3d. 622 (2d Dep't 2013) ............................................................................................. 3

*Matter of Maria C.R. v. Rafael G.*,
  142 A.D.3d 165 (2d Dep't 2016) .............................................................................................. 6

*Reyes v. Cissna*,
  No. 17-7304, 2018 WL 1759467 (4th Cir. Apr. 12, 2018) ....................................................... 6

### STATUTES

8 U.S.C. § 1101(a)(27)(J) ............................................................................................... *passim*

N.Y. Fam. Ct. Act
  § 661(a) ..................................................................................................................................... 4
  § 661(b) ..................................................................................................................................... 4
  § 1089 .................................................................................................................................... 3, 4

Pub. L. No. 110-457, § 235, 122 Stat. 5080 (2008) .......................................................................... 6

### REGULATIONS

8 C.F.R. § 204.11(a) .......................................................................................................................... 6

58 Fed. Reg. 42843, 42850 (Aug. 12, 1993) (codified at 8 C.F.R. § 204) ...................................... 3

**INTRODUCTION**

Congress has required simply that to be eligible for SIJS, an immigrant youth must obtain, among other things, a juvenile court order finding that reunification with one or both parents is not viable because of abuse, neglect or abandonment, or a similar basis found under state law. *See* 8 U.S.C. § 1101(a)(27)(J).

In February 2018, USCIS's Office of Chief Counsel provided novel legal guidance that resulted in the rejection of Plaintiffs' SIJS petitions on the grounds that (i) the New York Family Court is not a valid "juvenile court" with respect to the Plaintiffs, and/or (ii) the New York Family Court does not have the authority to make a finding that reunification with one or both parents is not viable. This was a stark change from USCIS's prior adjudications of SIJS.

None of this is disputed in USCIS's latest brief. And yet, in all of its briefing, USCIS never explains why a 17 year-old in New York guardianship proceedings in which the reunification finding is made is eligible for SIJS, but an 18 year-old is not. In its Over-18-Denial Policy, USCIS misinterprets the SIJS Statute and regulations, conflates different New York Family Law concepts and obfuscates what is a basic legal question. As USCIS recognized prior to its policy change, Plaintiffs' SFOs, rendered by the Family Court in guardianship proceedings, contain the requisite reunification finding, satisfying Congress' requirements for SIJS.

**ARGUMENT**

**I.  NO MATTER WHAT DEFENDANTS CALL IT, USCIS HAS CHANGED ITS POLICY FOR ADJUDICATING 18 TO 20 YEAR-OLDS' SIJS PETITIONS**

Plaintiffs do not understand why USCIS argues so vehemently that its Over-18-Denial Policy is not a policy. USCIS acknowledges that (i) prior to 2018, its SIJS adjudication process was "decentralized" across 87 field offices nationwide, resulting in "inconsistency" in decisions, and (ii) in early 2018, it adopted a "centralized," nationwide position with respect to adjudication

of SIJS petitions for applicants 18 and over.  *See* Defs.' Opp. at 1 (Doc. No. 101); AR at 724, 729.  USCIS insists this guidance was not a "policy change," despite that of the thousands of SIJS petitions adjudicated in New York since 2008, USCIS could find only one outlier consistent with the Over-18-Denial Policy prior to the enactment of the policy change.[1]  In reality, the new policy represents a significant departure from how petitions were adjudicated in New York.  *See* Decl. of Eve Stotland ¶¶ 8-9 (Doc. No. 11-8) (denials on such grounds never received until March 2018).

As the Court recently noted:  "There has to be a policy, whether the policy changed or not.  Somewhere, somehow, there is a policy that the immigration service follows with respect to New York Family Court orders."  R.F.M. Transcript of Telephone Conference, at 12:25 – 13:3 (Doc. No 97).  There is such a policy, and USCIS describes it in black and white in its brief: USCIS "requires, on a nationwide level, that qualifying 'juvenile courts' have the power and authority under state law to determine whether an unfit parent or parents can regain custody over the juvenile and to order reunification, if warranted."  Defs.' Opp. at 3.  This policy, however, violates the APA.

## II.   THE OVER-18-DENIAL POLICY IS ARBITRARY AND CAPRICIOUS BECAUSE USCIS MISINTERPRETS FEDERAL AND NEW YORK LAW

The central question before this Court is whether USCIS's Over-18 Denial Policy is consistent with the SIJS Statute, including as applied under New York law.  It is not.

### A.   The Family Court Is A "Juvenile Court" With Respect To Plaintiffs

USCIS argues the SIJS Statute requires the juvenile court issuing the SFO to possess the authority "to affect the custodial rights of an unfit parent or parents," Defs.' Opp. at 7, and that

---

[1] USCIS argues that this one pre-2018 denial shows that there is no "new policy," but that is illogical.  All it shows is that there was no centralized position prior to 2018 (when the vast majority of SIJS petitions by 18 to 20 year-olds were granted), in sharp contrast to today.

2

Plaintiffs must "establish[] [a] basis for the Family Court to assert jurisdiction over the custodial rights of their parents after they reached 18 absent their consent as adults," *id.* at 9.

First, none of USCIS's briefing points to where these requirements about "custodial rights" can be found in the SIJS Statute, which allows for a juvenile court to declare the petitioner "dependent on" the court *or* to issue a custody order. *See* 8 U.S.C. § 1101(a)(27)(J). USCIS's 2016 Policy Manual notes that a state court order is sufficient so long as it contains findings about "dependency *or* custody." AR at 706 (emphasis added). A "dependent upon" order – as with each SFO for the Plaintiffs – satisfies the SIJS Statute.[2]

Second, USCIS has a basic misunderstanding of New York law. Guardianship orders, including for those over 18 (as with Plaintiffs), are determinations that the individual is dependent upon the court. *See*, *e.g.*, *In re Antowa McD.*, 50 A.D.3d 507, 2008 NY Slip Op 03690, at *1-2 (1st Dep't 2008) ("Family Court's appointment of a guardian constitutes the necessary declaration of dependency on a juvenile court."); *see also In re Karen C.*, 111 A.D.3d. 622, 623 (2d Dep't 2013). Family Courts have broad authority to make findings and issue orders to promote the best interests of children in guardianship proceedings, to issue orders relating to dependency and custody of 18- to 20-year-olds, and to render factual findings in those proceedings. *See*, *e.g.*, N.Y. FAM. CT. ACT § 1089. All guardianship orders consider the custody and care of subject youth. *See* Pls.' Cross-Mot. at 3, 6-7.

In its Opposition Brief, USCIS argues that Plaintiffs cite only to statutory provisions regarding the Family Court's authority to make reunification findings that "fall under Article 10

---

[2] The SIJS Statute clearly explains what a juvenile court must *do* in order to satisfy the Statute – *i.e.*, issue an order declaring the child dependent or directing the child's custody. To the extent the SIJS regulation defines what a "juvenile court" *is*, *i.e.*, "a court located in the United States having jurisdiction under State law to make judicial determinations about the custody and care of juveniles," 58 Fed. Reg. 42843, 42850 (Aug. 12, 1993) (codified at 8 C.F.R. § 204), the New York Family Court satisfies the regulation. *See* Pls.' Cross-Mot. at 14-17 (Doc. No. 93).

3

of the Family Court Act, which defines 'child' under that Article as one under the age of 18." Defs.' Opp. at 9.  Plaintiffs in fact cite Section 1089 of the Family Court Act, found in Article 10A, which defines "child" as one who is up to 21 years-old.  Family Courts render decisions about the care and custody of 18- to 20-year-olds and the viability of parental reunification in various proceedings, including guardianship.

USCIS also argues that only guardianship orders issued under § 661(b) of New York's Family Court Act – not those under § 661(a) – are valid for SIJS.  This is wrong.  Sections 661(a) and 661(b) govern different types of guardianship.  Section 661(a) is for guardianship of minors up to 21 years-old, and is the type of guardianship orders Plaintiffs received.  Section 661(b) is available to children up to age 21 who, prior to turning 18 years-old, were the subjects of Family Court proceedings terminating their parents' legal rights.  What USCIS fails to grasp is that when the Family Court appoints a guardian of a person under the age of 21 pursuant to § 661(a), that is an order directing care and custody and that the person is "dependent upon" the Court where the Family Court issues a SFO.  That is all the SIJS Statute requires on this point. *See* 8 U.S.C. § 1101(a)(27)(J); Pls.' Cross-Mot. at 23.  USCIS's insistence that guardianship orders be made pursuant to § 661(b) is premised on the agency's incorrect view that the only way a juvenile over 18 qualifies for SIJS is if the guardianship order "encompass[es] parental unfitness findings previously made under applicable law when the juvenile was under 18." Defs.' Opp. at 12.  But that simply cannot be found in the SIJS Statute or Regulation.

Finally, USCIS dismisses decisions of New York's family and appellate courts – and the decision in *J.L. et al. v. Lee Francis Cissna et al.*, 2018 U.S. Dist. LEXIS 182702 (N.D. Cal. Oct. 24, 2018), that the Over-18 Denial Policy violates the APA in California – arguing that these are nothing more than jurisdiction grabs, in which the state court is relying on the SIJS Statute for

4

jurisdiction to enter SFOs. Defs.' Opp. at 10, 12 n.7. USCIS is just wrong. The Family Court decisions cite New York law as the basis for each finding required by the SIJS Statute. *See* string citation at Pls.' Cross-Mot. at 26 (seven New York Appellate Division cases citing the SIJS Statute to lay out the SIJS eligibility criteria, not to support the court's jurisdiction).

### B. The Family Court Has Authority To Find That Reunification Is Not Viable

USCIS defends its Over-18-Denial Policy by arguing that in order to issue the finding that reunification is not viable, a court must have the power to reunify the SIJS petitioner with her unfit parent. Defs.' Opp. at 7-9.[3] Again, that is not what the SIJS Statute or Regulation say.

First, all the SIJS Statute requires is that the juvenile court make a determination that reunification with one or both parents is "not viable"; it does not state that the juvenile court must be able to compel reunification (and choose not to do so). *See* 8 U.S.C. § 1101(a)(27)(J). The parties agree that Congress expanded SIJS eligibility in 2008 to reach children in a broader range of proceedings and ensure access of older children to SIJS benefits. *See* AR at 621, 643. In doing so, Congress authorized SIJS eligibility so long as there is a finding that reunification with *one* parent is not viable, even where the other fit parent is appointed as guardian.[4]

Second, USCIS urges the Court to overlook that USCIS's interpretation is based on an outdated regulation. *But see* AR at 647 (USCIS 2015 Ombudsman Report concluding that "[t]he SIJ regulations, which have not been updated since 1993, no longer comport with statutory

---

[3] "But this requirement is not found in either the SIJ statute or regulation and USCIS points to no case law to support its conclusion." *J.L.*, 2018 U.S. Dist. LEXIS 182702, at *9.

[4] This is precisely the ABA's position quoted by USCIS. *See* Defs.' Opp. at 9 n.6 ("[T]he juvenile court can make the SIJS findings as soon as the court deems reunification not viable with *one* of the parents, even if the other parent is still receiving reunification services.").

5

language.").[5]  The regulation defines "eligible for long-term foster care" as "a determination . . . made by the juvenile court that *family* reunification is no longer a viable option."  8 C.F.R. § 204.11(a) (emphasis added).  By contrast, the current Statute requires that petitioners be declared "dependent on" a juvenile court and the juvenile court finds that reunification with one or both parents is not viable.  *See* 8 U.S.C. § 1101(a)(27)(J).[6]  That is a key distinction; the Statute requires a finding that reunification with one or both parents is not viable, and that is what Plaintiffs' SFOs contain.  More fundamentally, the outdated regulation simply does not support USCIS's interpretation of the Statute; USCIS argues the regulation is not outdated but fails to explain how the regulatory definition of "eligible for long-term foster care" supports its interpretation that the Family Court must have the power to compel reunification with parents.  Defs.' Opp. at 4-5.  That is not in the Statute or the regulation.

Third, USCIS argues that Plaintiffs' SFOs are jurisdictionally defective under New York law because the Family Courts have no authority to conclude as a factual matter that Plaintiffs' reunification with a parent is not viable.  In fact, the Family Court does have the authority (indeed, is best-positioned) to make the *factual* determination as to the viability of reunification.  *See, e.g.*, *Matter of Maria C.R. v. Rafael G.*, 142 A.D.3d 165, 172 (2d Dep't 2016) (reunification determinations are "findings of fact"); *Reyes v. Cissna*, No. 17-7304, 2018 WL 1759467, at *2 (4th Cir. Apr. 12, 2018) (same).  Even assuming, *arguendo*, that USCIS were correct that the SIJS Statute requires the Family Court to have the authority to reunify 18- to 20-year-olds with

---

[5] *See J.L. et al.,* 2018 U.S. Dist. LEXIS 182702, at *11 ("USCIS's reliance on language that has been explicitly removed by Congress casts significant doubt on the validity of its interpretation.").

[6] The 2008 amendments to SIJS replaced the requirement that a child be found eligible for long-term foster care with the requirement that a juvenile court find "reunification with one *or* both parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law."  Pub. L. No. 110-457, § 235, 122 Stat. 5080 (2008) (emphasis added); AR at 704.

one or both parents, the Family Court does have that authority – including for juveniles up to 21 through guardianship proceedings.  *See* Pls.' Cross-Mot. at 26-28.

### III. USCIS CANNOT CIRCUMVENT JUDICIAL REVIEW BY RELYING ON THE INA'S JURISDICTION-STRIPPING PROVISIONS

Finally, according to USCIS, this Court lacks any authority to review revocations of SIJS. Under its interpretation of the jurisdiction-stripping provisions of the INA, even if this Court requires USCIS to adjudicate (and grant) Plaintiffs' petitions in accordance with the SIJS Statute, USCIS could revoke all such grants with impunity.  This attempt to insulate its APA violation from review is absurd.

The agency's argument overlooks that Plaintiffs, unlike the circuit court decisions cited by USCIS, are challenging *the policy* adopted by USCIS, which is itself an agency action that may be set aside under the APA.  But even if the Court were to interpret the relief sought as necessitating review of individual SIJS revocations – which it does not – the Court still has jurisdiction because the Second Circuit has construed the INA's jurisdiction-stripping provisions as limited to questions of discretion – not errors of law.  *See* Pls.' Cross-Mot. at 39-40; *Firstland Intern., Inc. v. U.S. I.N.S.*, 377 F.3d 127, 130-31 (2d Cir. 2004) (rejecting a broad interpretation of jurisdictional bars relating to visa revocations in APA challenge alleging the agency failed to follow statutory provisions).

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court (after granting class certification, as discussed on November 20, 2018) deny USCIS's motion to dismiss in part, deny USCIS's motion for summary judgment, grant Plaintiffs' cross-motion for summary judgment, and enter judgment for Plaintiffs.

Dated:   December 21, 2018
        New York, New York        Respectfully submitted,

/s/ Robert J. Malionek
Robert J. Malionek
Nicholas L. McQuaid
Virginia F. Tent
Alexander R. DeLisi
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200
Robert.Malionek@lw.com
Nicholas.McQuaid@lw.com
Virginia.Tent@lw.com
Alexander.DeLisi@lw.com

Adriene Holder
Hasan Shafiqullah
Judith Goldiner
Lisa Freeman
Beth Krause
Jennifer Levy
Julie Dona
Theresa B. Moser
Amy Pont
Cristina Romero
THE LEGAL AID SOCIETY
199 Water Street, 3rd Floor
New York, NY 10038
(212) 577-3536
LAFreeman@legal-aid.org

*Attorneys for Plaintiffs*

8

## **CERTIFICATE OF COMPLIANCE**

The foregoing reply memorandum of law complies with the word count and formatting rules set forth in Section 1.D of the Court's Individual Practices.  Excluding the cover page, certificate of compliance, table of contents, and table of authorities, the total number of words in the foregoing memorandum is 2,719 as calculated by Microsoft Word.  The foregoing memorandum is double-spaced, in 12-point Times New Roman font, and uses one-inch margins.

/s/ Robert J. Malionek
Robert J. Malionek