# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

R.F.M., T.D., S.W., D.A.F.A., and O.M.S., on
behalf of themselves and all others similarly situated,

Plaintiffs,

v.

KIRSTJEN NIELSEN, *et al.*,

Defendants.

Case No. 18-CV-5068 (JGK) (OTW)

**[PROPOSED] JUDGMENT**

## I.    INTRODUCTION

**A.**    The plaintiffs, R.F.M., T.D., S.W., D.A.F.A., and O.M.S. ("Plaintiffs"), commenced this lawsuit against defendants the Department of Homeland Security ("DHS"), the United States Citizenship and Immigration Services ("USCIS"), and individual officers of those agencies (collectively, "Defendants"), alleging that in early 2018 the Defendants adopted a new policy without notice and that prior to this policy change, the Plaintiffs' Special Immigrant Juvenile Status ("SIJS") applications would have been granted.

**B.**    The Plaintiffs moved to certify a class under Federal Rule of Civil Procedure 23(b)(2) and to proceed with the litigation anonymously. The Defendants moved to dismiss the action in part for lack of subject matter jurisdiction and for summary judgment, and the Plaintiffs cross-moved for summary judgment.

**C.**    After considering the evidence and the arguments submitted by the parties, the Court issued an Opinion & Order, dated March 15, 2019 (the "Summary Judgment Order"). (Dkt. No. 119.) In that Opinion & Order, the Court determined that the Defendants, in contravention of federal law, are following a policy that refuses to recognize special findings orders issued by the New York Family Court establishing the eligibility of juvenile immigrants between the ages of eighteen and up to twenty-one to obtain SIJS ("Special Findings Order").

**D.**    The Opinion & Order also certified a class (the "Class") of all SIJS petitioners who based their petitions on SFOs issued by the New York Family Court between the petitioners' 18th and 21st birthdays and either:

   1) have been issued (i) Notices of Intent to Deny ("NOID"),
   (ii) Notices of Intent to Revoke ("NOIR"), (iii) Decisions of

Denial, or (iv) Decisions revoking previously-granted SIJS since January 1, 2016 on the ground that the Family Court is not a "juvenile court" under 8 C.F.R. § 204.11(a) and/or that the Family Court is not empowered to issue SIJS predicate Orders under 8 U.S.C. § 1101(a)(27)(J); or

(2) have a Family Court SFO finding the eligibility criteria of 8 U.S.C. § 1101(a)(27)(J) are satisfied and have a pending petition for SIJS before the USCIS based on the Family Court SFO.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## II.     DECLARATORY ORDER

A.     Defendants' policy requiring that a juvenile court have the jurisdiction and authority to reunify a child into his or her parent's custody, or that the juvenile court have jurisdiction to enter a custody order, in order to accept a Special Findings Order from that court ("the Over-18-Denial Policy"), violates 8 U.S.C. § 1101(a)(27)(J) (the "SIJS Statute").

B.     Defendants' conclusion, based on the Over-18-Denial Policy, that the New York Family Court lacks the jurisdiction and authority to enter such Special Findings Orders for juvenile immigrants between the ages of eighteen and up to twenty-one violates the "SIJS Statute".

## III.    IDENTIFICATION OF CLASS MEMBERS

A.     Within 14 days from the date of this Order, the Defendants shall provide Class Counsel with the following three lists:

1.     A list of all class members, identified by their names and Alien Registration numbers, who have been issued (i) Notices of Intent to Deny ("NOIDs") or, (ii) denials of SIJS applications, or (iii) Notices of Intent to Revoke ("NOIRs"), or (iv) revocations of SIJS classification based solely on the Over-18-Denial Policy, and identifying the action taken ((i), (ii), (iii), or (iv)) as to each class member.

2.     A list of all class members, identified by their names and Alien Registration numbers, who have been issued (i) NOIDs, (ii) denials, (iii) NOIRs, or (iv) revocations on the basis of the Over-18-Denial Policy and one or more alternative grounds, and identifying the action taken ((i), (ii), (iii), (iv)) as to each class member.

3.     A list of all class members, identified by their names and Alien Registration numbers, who have pending SIJS applications but have not yet been issued (i) NOIDs, (ii) denials, (iii) NOIRs, or (iv) revocations.

B.  Defendants shall determine whether a class member should be on the list in III.A.1 or III.A.2 based on the reasoning in the most recent adjudicative document from USCIS, whether that be a NOID, denial, NOIR, or revocation from any USCIS field office, the National Benefits Center, or Administrative Appeals Office.  For example, when a class member received a NOID based solely on the ground that the New York Family Court is not empowered to issue the Special Findings Order, but then receives a decision denying SIJS on one or more alternative grounds, that class member should be on the list in III.A.2 because the most recent adjudicative document was the denial that included alternative grounds.

C.  For those class members with one or more alternative grounds of adjudication in Section III.A.2, Defendants shall provide Class Counsel with copies of any and all (i) NOIDs, (ii) denials, (iii) NOIRs, or (iv) revocations.

D.  Within 14 days from the date of this Order, the Defendants shall provide Class Counsel with a separate list of all class members whose Applications to Register Permanent Residence or Adjust Status (I-485s) and accompanying Applications for Employment Authorization (I-765) have been denied from the beginning of the Class Period through the date of this Order.  The Defendants shall provide Class Counsel with a copy of each I-485 and I-765 decision notice.

## IV.  CLASS NOTICE

A.  Within 14 days of the date of this Order, the Defendants must provide the notice appended to the declaration of Robert Malionek as Exhibit [X] to each member of the class and to counsel of record for each class member represented by counsel in applying for SIJS.

B.  The Defendants shall provide counsel who have appeared on behalf of the class ("Class Counsel") with a copy of the notice sent to each class member and counsel, showing the intended recipient of each notice.

## V.  ADJUDICATION OF SIJS PETITIONS

A.  The Defendants must adjudicate the class's SIJS petitions in accordance with the SIJS Statute, Summary Judgment Order, 8 U.S.C.§ 1232(d)(2), and in accordance with the priority date listed on the original I-797(c) receipt notice for each SIJS petition.  Specifically:

    1.  Defendants shall not deny or issue NOIDs with respect to SIJS petitions, or revoke or issue NOIRs with respect to previously-granted SIJS petitions, based upon the Over-18-Denial Policy.

    2.  For class members who have been issued (i) NOIDs, (ii) denials, (iii) NOIRs, or (iv) revocations solely on the Over-18-Denial Policy, the Defendants shall withdraw such NOIDs or NOIRs, reopen such denials, and grant each class member's petition for SIJS.  For class members who

3

have been issued revocations, the Defendants shall rescind the revocations and grant the class members' petitions for SIJS.

**3.**     For class members who have been issued (i) NOIDs, (ii) denials, (iii) NOIRs, or (iv) revocations on the Over-18-Denial-Policy and one or more alternative grounds, the Defendants shall withdraw such NOIDs or NOIRs, reopen such denials, and rescind such revocations, and shall adjudicate each class member's case in accordance with the SIJS Statute.

**B.**     When the Defendants reopen and re-adjudicate SIJS applications pursuant to Section V.A.2, Defendants may not raise new grounds as the basis for a NOID, denial, NOIR, or revocation that were not previously raised as part of the petitioner's original NOID, denial, NOIR, or revocation.

**C.**     Defendants shall promptly reopen all Applications to Register Permanent Residence or Adjust Status (I-485s) and Applications for Employment Authorization (I-765s) based on the I-485 application that were denied in conjunction with the denial of class members' I-360 Applications for SIJS Status for all class members in accordance with the Summary Judgment Order, the SIJS Statute, and the Immigration and Nationality Act.

## VI.     TIME FOR COMPLIANCE

**A.**     USCIS's duties and obligations regarding compliance with the SIJS Statute as set out above in Section V shall not expire.

**B.**     USCIS's duties and obligations regarding compliance with the adjudication of SIJS petitions in Section V.A.2 shall be completed within 30 days of this Order.

**C.**     USCIS's duties and obligations regarding compliance with the adjudication of SIJS petitions in Section V.A.3 shall be completed within 180 days of the filing of the SIJS petition as required by 8 U.S.C. § 1232(d)(2), or within 180 days of the date of this Order, whichever is earlier.

## VII.     IMPLEMENTATION AND ENFORCEMENT OF THIS JUDGMENT

**A.**     **Record Keeping Requirements**: Defendants shall retain and preserve all records, forms, logs, reports, and other written documents, including electronic records and files, that are relevant to compliance with this Judgment.  USCIS shall be responsible for maintaining and preserving, or supervising the maintenance and preservation of, these records. These records shall be maintained for so long as the Court retains jurisdiction over this action, or longer if required by law, as set out below in Section VIII.

**B.**     **Compliance Reports**: Defendants shall file with the Court and serve Class Counsel with quarterly reports ("Compliance Reports"), every three months, beginning three months after the date of this Judgment, identifying all actions taken by Defendants to comply with the terms of this Judgment so long as the

4

Court retains jurisdiction over this action, as set out in Section VIII.  Before submitting the Compliance Reports, Defendants shall meet and confer with Class Counsel no later than 5 days before the date the report is due.  The Compliance Reports shall also be made publicly available with any personal identifying information redacted.  The following information shall be included in the Compliance Reports:

1.  A description of all actions taken by Defendants to comply with the terms of this Judgment;

2.  A status report as to their continued compliance with all deadlines contained in this Order;

3.  A list of all SIJS petitions granted pursuant to V.A.1.

4.  A list of all SIJS petitions that have received (i) NOIDs, (ii) denials, (iii) NOIRs, or (iv) revocations pursuant to V.A.2., including a description of the alternative ground(s) of adjudication.

5.  A list of all class members who have a pending SIJS petition but have not yet received (i) NOIDs, (ii) denials, (iii) NOIRs, or (iv) revocations.

C.  Plaintiffs, through Class Counsel, shall have the opportunity to submit a response to any Compliance Report within 10 days service, and request a hearing with the Court as needed.

D.  **Adverse Adjudicatory or Enforcement Action, Including Revocations of SIJS and Removal Proceedings**: Defendants must provide at least 30 days' prior notice to Class Counsel and class members before proposing to take any adverse adjudicatory or enforcement action against any of the Plaintiffs or class members, including but not limited to revoking SIJS or instituting or effectuating removal.  At least 14 days prior to the adverse adjudicatory or enforcement action, Defendants and Class Counsel must meet and confer.  The parties shall jointly negotiate in good faith to reopen immigration proceedings for any class member issued an order of removal.  Parties shall also jointly negotiate in good faith the return of any class members who were deported or who departed the United States pursuant to an I-360 denial subject to the Over-18 Denial Policy.

## VIII.  RETENTION OF JURISDICTION

A.  This Court retains jurisdiction over the action until the parties have agreed that the Defendants have fulfilled all of their obligations under this Judgment Order for the purpose of enforcing any of its provisions and terms.

B.  The parties agree to work cooperatively with one another and in good faith and agree to use their best efforts to effectuate the purposes of this Judgment and the Opinion & Order and to resolve informally any differences regarding

interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution.

**C.**     The parties shall have the right to seek from the Court relevant modifications of this Order to ensure that its purposes are fully satisfied, provided that any request for a modification has been preceded by good faith negotiations between the parties. The parties may agree in writing to modify the deadlines established in this Order without Court approval, but such writing must be filed with the Court.

Dated:

_____
                                    Honorable John G. Koeltl

6