UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

R.F.M., T.D., S.W., D.A.F.A., and O.M.S., on
behalf of themselves and all others similarly situated,

Plaintiffs,

v.

KIRSTJEN NIELSEN, *et al.*,

Defendants.

Case No. 18-CV-5068 (JGK) (OTW)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/19

[DEFENDANTS' PROPOSED] JUDGMENT

I.   **INTRODUCTION**

A.   The plaintiffs, R.F.M., T.D., S.W., D.A.F.A., and O.M.S. ("Plaintiffs"), commenced this lawsuit against the Department of Homeland Security ("DHS"), the United States Citizenship and Immigration Services ("USCIS"), and individual officers of those agencies (collectively, "Defendants"), alleging that in early 2018 the Defendants adopted a new policy without notice and that prior to this perceived policy change, the Plaintiffs' Special Immigrant Juvenile ("SIJ") petitions would have been granted.

B.   The Plaintiffs moved to certify a class under Federal Rule of Civil Procedure 23(b)(2) and to proceed with the litigation anonymously. The Defendants moved to dismiss the action in part for lack of subject matter jurisdiction and for summary judgment, and the Plaintiffs cross-moved for summary judgment.

C.   After considering the evidence and the arguments submitted by the parties, the Court issued an Opinion & Order, dated March 15, 2019 (the "Opinion & Order"). In the Opinion & Order, the Court determined that the Defendants, in contravention of federal law, were following a policy that refused to recognize special findings orders ("SFOs") issued by the New York Family Court establishing the eligibility of juvenile immigrants between the ages of eighteen and up to twenty-one to obtain SIJ classification.

D.   The Opinion & Order also certified a class (the "Class") of all SIJ petitioners who based their petitions on SFOs issued by the New York Family Court between the petitioners' 18th and 21st birthdays and either:

      1. have been issued (i) Notices of Intent to Deny ("NOID"), (ii) Notices of Intent to Revoke ("NOIR"), (iii) Decisions of Denial, or (iv) Decisions revoking previously-granted SIJ since January 1, 2016 on the ground that the Family Court is not a "juvenile court" under 8 C.F.R. § 204.11(a) and/or that the Family Court is not empowered to issue SFOs under 8 U.S.C. § 1101(a)(27)(J); or

      2. have a Family Court SFO finding the eligibility criteria of 8 U.S.C. § 1101(a)(27)(J) are satisfied and have a pending petition for SIJ before the USCIS based on the Family Court SFO.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## II. DECLARATORY ORDER [for the Defendants]

26 K

**A.** Defendants' requirement that a juvenile court have the jurisdiction and authority to reunify a child back into his or her parent's custody, in order to accept a SFO from that court for purposes of adjudicating SIJ petitions (the "Competent Jurisdiction Requirement"), violates 8 U.S.C. § 1101(a)(27)(J) (the "SIJ Statute").

**B.** Defendants' conclusion, based on the Competent Jurisdiction Requirement, that the New York Family Court lacks the jurisdiction and authority to enter such SFOs for juvenile immigrants between the ages of 18 and up to 21 violates the SIJ Statute.

## III. NOTICE TO CLASS MEMBERS

A. Within 14 days from the date of this Judgment, USCIS will post the Class Notice, annexed as **Exhibit 1** to this judgment, on USCIS's website.

B. Within 14 days from the date of this Judgment, USCIS's Office of Public Affairs will circulate the Class Notice via e-mail to its 47,000 subscribed users, who are primarily community-based organizations across the United States.

C. Within 60 days from the date of this Judgment, the Defendants shall identify and mail the Class Notice to SIJ petitioners who: (i) filed their I-360 SIJ petition ("SIJ petition") on or after January 1, 2016; (ii) as of the date of this Judgment, have a pending SIJ petition or have received an adverse adjudicatory action on their SIJ petition as described in Section I.D. of this Judgment; (iii) were between ~~the ages of 18 and 20~~ [their 18th and 21st birthdays] at the time of filing of

26 K

- 2 -

their SIJ petition; *and* (iv) resided in New York when they filed their SIJ petition. Specifically:

(1) The Class Notice will notify SIJ petitioners identified by Defendants under this Section about the Class and will contain information regarding the process to request review of their respective SIJ petitions in accordance with Section V below and will include information on how to contact Class Counsel.

(2) The Class Notice will be mailed to the last known address of each SIJ petitioner identified by Defendants under this Section.

(3) If an SIJ petitioner identified by Defendants under this Section has or had an attorney of record for the underlying SIJ petition, Defendants will also mail Class Notice to the address listed on Form G-28, Notice of Entry of Appearance as Attorney, for that attorney.

## IV. ADJUDICATION OF SIJ PETITIONS

The Defendants must adjudicate the Class members' SIJ petitions in accordance with the Opinion & Order, and in accordance with the priority date listed on the original I-797C receipt notice for each Class member's SIJ petition. Specifically:

A. SIJ petitioners who self-identify as a Class member will be required to file Form I-290B, Notice of Appeal or Motion, with USCIS within **two years** of entry of this Judgment. The filing fee associated with Form I-290B will be waived for Class members. Defendants will review a self-designated Class member's information to ensure Class eligibility as of the date of the filing of the I-290B. If Class eligibility is established for an SIJ petitioner, Defendants will reopen and re-adjudicate that petitioner's case. A re-adjudication requires that all elements of SIJ eligibility be demonstrated. Accordingly, consistent with the Court's Opinion & Order, this paragraph does not limit Defendants' authority to deny SIJ petitions for reasons other than the Competent Jurisdiction Requirement.

B. Defendants shall not deny or issue NOIDs with respect to SIJ petitions, or revoke or issue NOIRs with respect to previously-granted SIJ petitions, based solely upon the Competent Jurisdiction Requirement. Consistent with the Court's Opinion & Order, this paragraph does not limit Defendants' authority to deny SIJ petitions or revoke previously-granted SIJ petitions for reasons other than the Competent Jurisdiction Requirement.

C. For Class members who have been issued NOIDs based upon the Competent Jurisdiction Requirement, the Defendants shall complete adjudication of each Class member's petition for SIJ in accordance with the Court's Opinion & Order and Section IV.A of this Judgment. This paragraph does not limit


Defendants' authority to issue NOIDs, denials, NOIRs, or revocations for reasons other than the Competent Jurisdiction Requirement as outlined in the Opinion & Order.

**D.** For Class members who have been issued (i) denials, (ii) NOIDs, (iii) NOIRs, or (iv) revocations based solely upon the Competent Jurisdiction Requirement, the Defendants shall withdraw such NOIDs and NOIRs, reopen such denials and revocations, and adjudicate each Class member's petition for SIJ in accordance with the Court's Opinion & Order and Section IV.A of this Judgment. This paragraph does not limit the Defendants' authority to issue NOIDs, denials, NOIRs, or revocations for reasons other than the Competent Jurisdiction Requirement as outlined in the Opinion & Order.

**E.** Defendants will promptly reopen all Applications to Register Permanent Residence or Adjust Status (I-485s) and, if necessary, related Applications for Employment Authorization (I-765s) that were denied as a result of the denial of Class members' I-360 SIJ petitions solely on the basis of the Competent Jurisdiction Requirement for all Class members who file Form I-290B with USCIS in accordance with Section IV.A. This paragraph does not limit the Defendants' authority to deny I-485 and I-765 applications on grounds other than the Competent Jurisdiction Requirement, as set forth in the Immigration and Nationality Act, and applicable regulations.

## V. TIME FOR COMPLIANCE

**A.** USCIS's duties and obligations regarding compliance with the SIJ Statute as set out above in Section IV.A-D shall expire **three years** from the date of entry of this Judgment, unless this provision is amended pursuant to Section VII.C to provide for a different expiration date. *However, USCIS is under a [JK] continuing obligation not to violate the law as explained in Paragraph II*

**B.** USCIS's duties and obligations regarding compliance with the adjudication *above, so* of SIJ petitions and related I-485 and I-765 applications, as described in *long as the* Section IV.E, shall be completed as expeditiously as possible. *law as explained in this Court's Opinion and Order remains unchanged.*

## VI. IMPLEMENTATION AND ENFORCEMENT OF THIS JUDGMENT

**A. Record Keeping Requirements**: Defendants shall retain and preserve all records, forms, logs, reports, and other written documents, including electronic records and files that are relevant to the adjudications of SIJ petitions as set forth in this Judgment. USCIS shall be responsible for maintaining and preserving, or supervising the maintenance and preservation of, these records. These records shall be maintained for so long as the Court retains jurisdiction over this action, or longer if required by law or regulation, as set out below in Section VII.

    B.    **Compliance Reports**: Defendants shall file with the Court a status report relating to Defendants' compliance with the notice provisions, as set out in Section III, within three months of this Judgment. This status report shall include the number of mailings made by Defendants in connection with Section III.C of this Judgment. Additionally, Defendants shall file with the Court semi-annual reports ("Compliance Reports"), every six months, beginning six months after the date of this Judgment, identifying all actions taken by Defendants to comply with the terms of this Judgment so long as the Court retains jurisdiction over this action, in accordance with Section VIII below.

        The following information shall be included in the Compliance Reports:

        1.    A description of all actions taken by Defendants to comply with the terms of this Judgment.

        2.    A status report as to Defendants' continued compliance with all deadlines contained in this Judgment.

    C.    Plaintiffs, through Class Counsel, shall have the opportunity to submit a response to any Compliance Report within ten days of filing, and request a hearing with the Court as needed.

    D.    **Adverse Adjudicatory or Enforcement Action, Including Revocations of SIJ and Removal Proceedings**: Defendants will continue to follow all statutory and regulatory notice requirements to Class members related to the adjudication of SIJ petitions and the intent to initiate removal proceedings, including, but not limited to, issuing a Request for Evidence (RFE) or a Notice of Intent to Deny (NOID), where warranted, or a Form I-862, Notice to Appear (NTA), or any other charging document, where warranted. Should a class member file a motion to reopen immigration proceedings where the order of removal was solely based on the denial of an SIJ petition (where the denial was based solely upon the Competent Jurisdiction Requirement), the parties will confer in good faith to reopen immigration proceedings for such class members.

## VII. RETENTION OF JURISDICTION

    A.    This Court shall retain jurisdiction over the action for three years after the entry of Judgment, unless amended pursuant to Section VII.C.

    B.    The parties agree to work cooperatively with one another and in good faith and agree to use their best efforts to effectuate the purposes of this Judgment and the Opinion & Order, and to resolve informally any differences regarding the

interpretation of and compliance with this Judgment prior to bringing such matters to the Court for resolution.

C. The parties shall have the right to seek from the Court relevant modifications of this Judgment in accordance with operative law at the time of the modification request, provided that any request for a modification has been preceded by good faith negotiations between the parties. The parties may agree in writing to modify the deadlines established in this Judgment without Court approval, but such writing must be filed with the Court.

Dated:

April 8, 2019

_____
Honorable John G. Koeltl
United States District Judge

- 6 -

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

## NOTICE TO THE CLASS IN R.F.M., et al., v. Nielsen, et al., 18-cv-5068

**If you received a Special Findings Order from the New York Family Court after you turned 18 and then filed or plan to file a petition for Special Immigrant Juvenile ("SIJ") classification, you may be able to get help from a class action lawsuit against the U.S. Citizenship and Immigration Services, the Department of Homeland Security, and other federal officers (the "Government").**

*A federal court authorized this notice. This is not an advertisement from a lawyer. It is being sent to give you important information. You are not in trouble.*

- **What is this case about?** The Plaintiffs claimed that the Government has imposed new, unlawful requirements for people who received Special Findings Orders from New York Family Court when they were 18, 19 or 20 years old and who are applying for SIJ.

- **Why am I getting this notice?** The Court has found the Government violated the law for ALL people who have claims like the Plaintiffs. You are receiving this notice because you may have claims like the Plaintiffs – which would mean you are part of the class which may receive help as a result of this case.

- **How do I know if I am part of the class?** You are part of the class if you applied for SIJ classification after January 1, 2016 and your application was based on a New York Family Court Special Findings Order making the findings necessary to apply for SIJ classification issued between your 18th and 21st birthdays and:

    (1) You have received from USCIS a Notice of Intent to Deny ("NOID") your SIJS application on the ground that the Family Court does not have jurisdiction as a "juvenile court" over petitioners between the ages of 18 and 21 and/or that the New York Family Court does not have the authority to "reunify" petitioners between the ages of 18 and 21 with their parents; or

    (2) You have received a Denial of your SIJS application from a USCIS Field Office or the USCIS National Benefits Center on the ground in (1), above; or

    (3) You have received a Denial of your SIJS application from a USCIS Field Office or the USCIS National Benefits Center and you have filed an appeal to the Administrative Appeals Office ("AAO") of USCIS, and you have received a NOID in response to your appeal on the ground in (1), above; or

    (4) You have received a Denial of your appeal from the AAO on the ground in (1), above; or

   (5) Your SIJ application was granted, but you have received a Notice of Intent to Revoke ("NOIR") your SIJ status from USCIS on the ground in (1), above; or

   (6) Your SIJ application was granted, but your SIJ status has been revoked by USCIS on the ground in (1), above; or

   (7) You are still waiting for a decision from USCIS about your SIJ application which was filed with a New York Family Court Special Findings Order described in ground (1).

- **Do I need to do anything in response to this notice?** No. This notice is meant to inform you that you may have rights as a result of this lawsuit. If you are part of the class, you do not have to do anything now to benefit from this lawsuit. You should receive a separate notice from USCIS about action on your SIJ application.

- **What help will I get?** The Court issued an Opinion and Order, on March 15, 2019, finding that the Government violated federal law in denying the SIJ petitions of individuals who based their petitions on Special Findings Orders issued by the New York Family Court between their 18th and 21st birthdays on the ground that the New York Family Court did not have the power to issue the Special Findings Orders. The Court ordered the Government to grant the SIJ petitions of people who based their petitions on Special Findings Orders issued by the New York Family Court between their 18th and 21st birthdays, to undo any denials of petitions or NOIDs that were issued on this basis, to undo any NOIRs or Decisions revoking previously-granted SIJ petitions since January 1, 2016 that were issued on this basis, and to ensure that no future petitions are denied on this basis. In addition, the Court has ordered the Government to reconsider all petitions for which USCIS issued NOIDs, NOIRs, Denials or Revocations on this basis.

## THE LAWYERS REPRESENTING YOU

1. **Do I have a lawyer in this case?**

   The Court has decided that the law firm of Latham & Watkins LLP and The Legal Aid Society are qualified to represent you and all Class Members in this case. These lawyers are called Class Counsel. They are experienced in handling similar cases. If you have any questions about this case you may call 212-418-7626 to speak with one of the lawyers handling the case.

2. **Should I get my own lawyer?**

   You do not need to hire your own lawyer to help you with the specific issues in this lawsuit, because Class Counsel is working on your behalf regarding these issues in this lawsuit. However, if you have other immigration issues besides the issues in this case, you may want to have your own lawyer to help you with those other issues.

3. **How will the lawyers be paid?**

   You will not have to pay any fees or expenses to Class Counsel. If you want your own independent lawyer, you may have to pay that lawyer.