**LATHAM & WATKINS LLP**

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

May 3, 2019

**VIA ECF**

Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York 10007-1312

Re:   *R.F.M. et al., v. Kirstjen Nielsen et al.*, No. 18 Civ. 5068

Dear Judge Koeltl:

We, along with The Legal Aid Society, represent Plaintiffs in the above-captioned case ("*R.F.M.*"). We write pursuant to the Court's April 19, 2019 Order (Doc. No. 131) instructing the parties to advise the Court as to the status of the case by today.[1]

As Your Honor is aware, the parties have been in discussions regarding the language of the Judgment and Notice to the Class entered on April 8, 2019 (Doc. No. 129), which was largely based on the Proposed Judgment and proposed class notice submitted by Defendants on April 5, 2019. (Doc. Nos. 127-1 & 127-2.) The parties have agreed to several changes to propose to the Court. The parties believe that these changes will minimize confusion and provide clearer direction to Class Members about their rights and responsibilities pursuant to the Court's Judgment. However, despite the parties' good faith efforts, there remain two points upon which the parties are unable to agree. The first relates to the definition of the "Competent Jurisdiction Requirement" declared unlawful by the Court in Part II(A) of the Judgment, which should accurately reflect the Court's March 15, 2019 Opinion & Order (Doc. No. 119). The second relates to whether all Class Members will be eligible for the relief provided in Part IV of the Judgment, which requires that Defendants "must" reopen and readjudicate the SIJ petitions for all Class

---

[1] Plaintiffs recognize the Court's page limit for letters pursuant to Individual Practices 1(A), but request that the Court consider this longer letter in light of the complexities of the matter at hand. Plaintiffs originally planned to submit this as a joint letter, including the discussion of agreed changes, and this contributes to the length of this letter.

LATHAM&WATKINS LLP

Members; we understand that Defendants want to amend the Judgment so that a narrower subset of the Class will be eligible for relief.

Appended hereto are (i) Plaintiffs' Proposed Amended Judgment (Exhibit 1), (ii) a redline showing the difference between Plaintiffs' Proposed Amended Judgment and the Court's Judgment (Doc. No. 129) (Exhibit 2), (iii) Defendants' Proposed Amended Judgment (Exhibit 3), (iv) a redline showing the difference between Plaintiffs' and Defendants' Proposed Amended Judgments (Exhibit 4), and (v) the Joint Proposed Amended Notice to the Class, to which all parties agree (Exhibit 5). Exhibit 4 shows the only two remaining areas of disagreement between the parties.

**I.    THE PARTIES ARE IN AGREEMENT REGARDING THE AMENDED NOTICE TO THE CLASS AND MOST CHANGES TO THE JUDGMENT**

The parties are in full agreement with respect to the proposed Amended Notice to the Class. In addition, the parties have agreed to a variety of changes to the Amended Judgment that will minimize confusion and provide clear direction to Class Members about their rights and responsibilities. These include the following:

A. AMENDED NOTICE TO THE CLASS:

- deletes the clause on page 2, "[i]f you are a part of the class, you do not have to do anything now to benefit from this lawsuit" and provides additional instructions requested by operational personnel at USCIS to ensure that all Form I-290Bs are sent to the correct address.

- deletes the clause on page 2, "making the findings necessary to apply for SIJ classification issued between your 18th and 21st birthdays."

- replaces references to the "Judgment" with references to the "Amended Judgment."

B. AMENDED JUDGMENT:

- The Judgment entered by the Court references the "Judgment" and the parties have agreed to change these references to the "Amended Judgment" throughout the Amended Judgment.

- The Judgment references deadlines based on "the date of this Judgment" and the parties have agreed to change deadlines to run from "the date of entry of this Amended Judgment" throughout the Amended Judgment.

- Part I(C) and Part II(B) of the Judgment describe the class as "juvenile immigrants between the ages of eighteen and up to twenty-one" and the parties have agreed to clarify that the class is defined as "juvenile immigrants between their 18th and 21st birthdays."

LATHAM&WATKINS LLP

- o The Judgment directs that "SIJ petitioners who self-identify as a Class Member will be required to file Form I-290B…within two years of the entry of this Judgment," which the parties agree may cause confusion. The parties have agreed to language in Part IV(A) that clarifies that "[e]ach SIJ petitioner who has received a denial or a revocation and who self-identifies as a Class Member" is required to file Form I-290B, and "Class members with pending SIJ petitions before USCIS do not need to file Form I-290B."

## II. THE JUDGMENT'S DEFINITION OF "COMPETENT JURISDICTION REQUIREMENT" SHOULD COMPORT WITH THE COURT'S OPINION & ORDER

Because the Judgment entered by the Court (Doc. No. 129), tracking Defendants' April 5, 2019 Proposed Judgment, defines the "Competent Jurisdiction Requirement" more narrowly than the Court's holding in its Opinion & Order ("Opinion")(Doc. No. 119), the definition of Competent Jurisdiction Requirement should be amended. In its Opinion, the Court framed the issues presented in this case as "center[ing] on questions of whether, to qualify as a juvenile court, the New York Family Court must have (1) jurisdiction over the custody of the petitioners, and (2) the authority to order reunification between the juvenile and an unfit parent." (Opinion at 46, Doc. No. 119.) The Court first addressed, and rejected, Defendants' argument that the New York Family Court does not qualify as a "juvenile court" because "the Family Court must have jurisdiction over the individual juvenile's custody" (*Id.* at 47) as "inconsistent with the SIJ statute's plain language, which requires that a juvenile be declared dependent on a juvenile court *or* placed in a qualifying custody arrangement." (*Id*. at 47-48 (citation omitted and emphasis added).)[2] Under a separate heading, the Court then addressed, and rejected, Defendants' argument that the New York Family Court is not a juvenile court because it does not have "jurisdiction under state law to place the child under the custody of the allegedly unfit parent." *Id.* at 51.[3]

Despite the fact that the Court separately rejected Defendants' two distinct bases for its Over-18-Denial Policy (what Defendants redefined as the "Competent Jurisdiction Requirement" in their Proposed Judgment), the Judgment's definition of Competent Jurisdiction Requirement only references "Defendants' requirement that a juvenile court have the jurisdiction and authority to reunify a child back into his or her parent's custody." (Judgment at Part II(A), Doc. No. 129; see also Opinion at 50-53, Doc. No. 119.) The definition does not include the other aspect of the Competent Jurisdiction Requirement – *i.e.*, "that to be a juvenile court the state court must have jurisdiction to make custody determinations" (*Id.* at 47) – even though this Court explicitly found this to be separate from the reunification requirement and also unlawful. (*Id*. at 47-50.)

---

[2] The Court also concluded that, in any event, "the Family Court's appointment of guardians is a 'judicial determination[] about the custody and care of juveniles.'" (Opinion at 50, Doc. No 119 (citation omitted).)

[3] Plaintiffs also challenged Defendants' two justifications for the Competent Jurisdiction Requirement separately throughout the briefing and oral argument in this case.

**LATHAM&WATKINS**LLP

To make the Amended Judgment consistent with the Opinion, Plaintiffs propose that Part II(A) of the Judgment be amended as follows to include the bolded language:

> Defendants' requirement that a juvenile court have the jurisdiction and authority to reunify a child back into his or her parent's custody, **or that the juvenile court have jurisdiction to make custody determinations**, in order for the Defendants to accept a SFO from that court for purposes of adjudicating SIJ petitions (the 'Competent Jurisdiction Requirement'), violates 8 U.S.C. § 1101(a)(27)(J) (the 'SIJ Statute').

Defendants assert that this clause does not accurately characterize the Court's holding on this issue and is unnecessary. Defendants' position on this issue is troubling in light of the Court's comprehensive discussion and ultimate rejection, in its Opinion, of the two separate bases for the Defendants' unlawful policy. More troubling is that there are Class Members whose denials cite the "custody determination" basis rather than the "parental reunification" basis for the conclusion that the New York Family Court is not a juvenile court, and under the current Judgment's definition of "Competent Jurisdiction Requirement," those Class Members may be precluded from obtaining relief. Moreover, during the meet-and-confer process with Defendants' counsel regarding this issue, we asked if Defendants believed it would be appropriate, in light of the Opinion, for them to deny a SIJ petition on the ground that the Family Court lacks jurisdiction to make custody determinations. Defendants' refused to include a clause stating that Defendants' requirement "that the juvenile court have jurisdiction to make custody determinations" violates the SIJ Statute. We therefore believe that clarity in the Amended Judgment is necessary.

As a result, Plaintiffs ask that the Court amend the definition of the "Competent Jurisdiction Requirement" to include the phrase "or that the juvenile court have jurisdiction to make custody determinations."

### III. USCIS SHOULD NOT BE ALLOWED TO ALTER THE COURT'S JUDGMENT THAT ALL CLASS MEMBERS WHO RECEIVED DENIALS OR REVOCATIONS ARE ELIGIBLE TO HAVE THEIR SIJ PETITIONS READJUDICATED

Part IV of the Court's Judgment unequivocally affords *all* Class Members the right to readjudication (Doc. No. 129.) Defendants, however, now seek to restrict its application. Part IV begins with a clear mandate: "Defendants *must adjudicate* the Class Members' SIJ petitions in accordance with the Opinion & Order." (Emphasis added.) Paragraph A of Part IV similarly requires, among other things, that "[i]f class eligibility is established for an SIJ petitioner, Defendants *will reopen and readjudicate* that petitioner's case." (Doc. No. 129, at 3 (emphasis added).)

Despite this clear language, Defendants urge the Court to amend Paragraph IV(A) to cut off the possibility of relief for any Class Member whose SIJ petition was decided on more than one ground. Defendants seize upon the word "solely" in Paragraphs D and E of Part IV to try to limit readjudication to those cases in which the Competent Jurisdiction Requirement is the sole

LATHAM&WATKINS LLP

basis for the denial or revocation. Such a limitation would be profoundly misguided for the following reasons:

First, alternative grounds for denial are often intertwined with the Competent Jurisdiction Requirement. We have shared with Defendants several examples of SIJ petition denials based on two or more grounds in which it is unclear whether USCIS would still deny the petition absent its reliance upon the Competent Jurisdiction Requirement. Upon reviewing them, Defendants' counsel conceded that alternative grounds for denial may have been intertwined with the Competent Jurisdiction Requirement. For example, in one such denial, USCIS withheld consent in addition to denying the appeal for reasons related to Competent Jurisdiction. When analyzing consent, USCIS stated: "Although USCIS generally consents to the grant of SIJ classification where the record contains a reasonable factual basis for all the required rulings, USCIS' consent is not warranted where the state court orders were not issued by a juvenile court, lack required rulings, or the record indicates the order was sought primarily to obtain an immigration benefit. Id. at J.2(D)(5) . . . ."[4] Therefore, although USCIS's withholding of consent is framed in this denial as an alternative ground for denial (separate from the Competent Jurisdiction Requirement), it is premised upon, and necessarily intertwined with, the Competent Jurisdiction Requirement. This example is not unique. Other Class Members face similar denials and are entitled to a readjudication to determine their eligibility for SIJ status under the Court's ruling.

Second, Class Members whose petitions were denied on multiple grounds would be unfairly prejudiced if readjudication occurred only for Class Members whose petitions were denied solely on the basis of the Competent Jurisdiction Requirement. Class Members who had viable challenges to grounds for denial *other* than the Competent Jurisdiction Requirement were led to forego those challenges precisely because Defendants were following the then-effective Competent Jurisdiction Requirement. Before this Court held that the Competent Jurisdiction Requirement was unlawful, challenging denials based upon multiple grounds would have been futile because, even if a Class Member prevailed on the alternative grounds, the result would still have been denial based upon the Competent Jurisdiction Requirement. As part of a rehearing or administrative appeal, a petitioner is permitted, as of right, to submit new evidence challenging the grounds for denial. These Class Members should now be able to have their cases readjudicated.[5]

Third, judicial and government resources would be conserved by readjudicating the petitions of all Class Members who received denials and revocations. Allowing only certain Class Members to have their SIJS petitions readjudicated pursuant to the Judgment would result in Class Members whose petitions were denied on multiple grounds filing individual Administrative Procedure Act actions in federal district court to have their petitions readjudicated. A Judgment directing readjudication of all Class Members' petitions would allow for full review at the agency

---

[4] Matter of A-S-, ID# I041145 (AAO Sept. 27, 2018).

[5] For example, a Class Member whose petition was denied because USCIS found that he was married and also did not meet the Competent Jurisdiction Requirement may not have submitted viable evidence to rebut USCIS's finding that he was married. If this Class Member's case is readjudicated, he will be permitted to submit evidence to rebut this alternative ground for denial.

**LATHAM&WATKINS**LLP

level, thus limiting the consumption of government and judicial resources required to respond to and adjudicate a series of related individual matters.

Finally, in its Opinion, the Court granted Plaintiffs' Motion for Class Certification. (Doc. No. 119 at 21.) The Court certified a Class that includes *all* immigrants who obtained Special Findings Orders from the New York Family Court between their eighteenth and twenty-first birthdays, applied for SIJ status, and either received denials or revocations based upon the Competent Jurisdiction Requirement, or have pending applications. The Court did not limit the Class to those petitioners whose denials were based *solely* on the Competent Jurisdiction Requirement.[6] Limiting the relief in the Judgment to that subset would be inconsistent with the Opinion. There is no concern that Defendants, upon readjudication, will be unable to deny SIJ petitions for reasons other than the Competent Jurisdiction Requirement. Doc. No. 129, 3-44 (affirming Defendants' authority).

For all of these reasons, Plaintiffs urge the Court to deny Defendants' attempt to restrict the opportunity for readjudication of SIJ petitions to a subset of Class Members. Consistent with the Judgment already entered by the Court, Plaintiffs request that the Court make the following conforming changes to the Judgment: (i) Change the fourth sentence of Paragraph IV(A) to state "If Class eligibility is established for an SIJ petitioner who files an I-290B, Defendants will reopen and readjudicate that petitioner's case **if the ground(s) for denial or revocation included the Competent Jurisdiction Requirement**"; and (2) remove the word "solely" from Paragraphs IV(D) and (E).

## IV.    CONCLUSION

Plaintiffs ask the Court to adopt Plaintiffs' Proposed Amended Judgment (Exhibit 1). The parties jointly ask the Court to adopt the Joint Proposed Amended Notice to the Class (Exhibit 5). Plaintiffs note that they sent Defendants' counsel an earlier version of this letter, as the parties discussed submitting a joint letter to the Court outlining their respective positions on the two issues in dispute. Defendants' counsel responded that they preferred to send a separate letter that they would not share with us in advance. Plaintiffs thus cannot address any arguments Defendants make in their submission. Defendants' counsel confirmed, however, that they have no language to submit regarding the Proposed Amended Judgment beyond what is reflected in the redline attached as Exhibit 3, showing the parties' competing language; nevertheless, we understand that Defendants object to the inclusion of Exhibit 3 because they feel that including a redline between Plaintiffs' Proposed Amended Judgment and Defendants' Proposed Amended Judgment would mislead the Court. We are nevertheless including it so that the Court can easily reference the differences in the parties' proposed language.

---

[6] Relatedly, a number of Class Members who received denials that included alternative grounds have already filed form I-290Bs in reliance on the April 8, 2019 Judgment. Although these petitioners meet the clearly delineated definition of the Class as set forth in the Opinion, USCIS may summarily reject their I-290Bs because their denials included alternative bases.

**LATHAM&WATKINS**LLP

Thank you for your time and continued attention to this matter.

            Respectfully submitted,

            <u>/s/ Robert J. Malionek</u>
            Robert J. Malionek
            of LATHAM & WATKINS LLP


cc: All Counsel of Record (via ECF)