UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.F.M., T.D., S.W., D.A.F.A., and O.M.S., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, *et al.*,<br><br>Defendants. | Case No. 18-CV-5068 (JGK) (OTW) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/31/19

## [~~PROPOSED~~] AMENDED JUDGMENT

### I. INTRODUCTION

**A.** The plaintiffs, R.F.M., T.D., S.W., D.A.F.A., and O.M.S. ("Plaintiffs"), commenced this lawsuit against the Department of Homeland Security ("DHS"), the United States Citizenship and Immigration Services ("USCIS"), and individual officers of those agencies (collectively, "Defendants"), alleging that in early 2018 the Defendants adopted a new policy without notice and that prior to this perceived policy change, the Plaintiffs' Special Immigrant Juvenile ("SIJ") petitions would have been granted.

**B.** The Plaintiffs moved to certify a class under Federal Rule of Civil Procedure 23(b)(2) and to proceed with the litigation anonymously. The Defendants moved to dismiss the action in part for lack of subject matter jurisdiction and for summary judgment, and the Plaintiffs cross-moved for summary judgment.

**C.** After considering the evidence and the arguments submitted by the parties, the Court issued an Opinion & Order, dated March 15, 2019 (the "Opinion & Order"). In the Opinion & Order, the Court determined that the Defendants, in contravention of federal law, were following a policy that refused to recognize special findings orders ("SFOs") issued by the New York Family Court establishing the eligibility of juvenile immigrants between their 18th and 21st birthdays to obtain SIJ classification.

**D.** The Opinion & Order also certified a class (the "Class") of all SIJ petitioners who based their petitions on SFOs issued by the New York Family Court between the petitioners' 18th and 21st birthdays and either:

    1. have been issued (i) Notices of Intent to Deny ("NOID"), (ii) Notices of Intent to Revoke ("NOIR"), (iii) Decisions of Denial, or (iv) Decisions revoking previously-granted SIJ since January 1, 2016 on the ground that the Family Court is not a "juvenile court" under 8 C.F.R. § 204.11(a) and/or that the Family Court is not empowered to issue SFOs under 8 U.S.C. § 1101(a)(27)(J); or

    2. have a Family Court SFO finding the eligibility criteria of 8 U.S.C. § 1101(a)(27)(J) are satisfied and have a pending petition for SIJ before the USCIS based on the Family Court SFO.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## II. DECLARATORY ORDER

    **A.** As explained in the Opinion & Order, Defendants' conclusion that the New York Family Court lacks the jurisdiction and authority to enter SFOs for juvenile immigrants between their 18th and 21st birthdays (the "Competent Jurisdiction Requirement") violates 8 U.S.C. § 1101(a)(27)(J) (the "SIJ Statute").

## III. NOTICE TO CLASS MEMBERS

    **A.** Within 14 days from the date of entry of this Amended Judgment, USCIS will post the Class Notice, annexed as **Exhibit 1** to this Amended Judgment, on USCIS's website.

    **B.** Within 14 days from the date of entry of this Amended Judgment, USCIS's Office of Public Affairs will circulate the Class Notice via e-mail to its 47,000 subscribed users, who are primarily community-based organizations across the United States.

    **C.** Within 60 days from the date of entry of this Amended Judgment, the Defendants shall identify and mail the Class Notice to SIJ petitioners who: (i) as of the date of entry of this Amended Judgment, have a pending SIJ petition or, on or after January 1, 2016, have received an adverse adjudicatory action on their SIJ petition as described in Section I.D. of this Amended Judgment; (ii) were between their 18th and 21st birthdays at the time of filing of their SIJ petition; *and* (iii) resided in New York when they filed their SIJ petition. Specifically:

        **1.** The Class Notice will notify SIJ petitioners identified by Defendants under this Section about the Class and will contain

> information regarding the process to request review of their respective SIJ petitions in accordance with Section IV below and will include information on how to contact Class Counsel.
>
> 2. The Class Notice will be mailed to the last known address of each SIJ petitioner identified by Defendants under this Section.
>
> 3. If a SIJ petitioner identified by Defendants under this Section has or had an attorney of record for the underlying SIJ petition, Defendants will also mail Class Notice to the address listed on Form G-28, Notice of Entry of Appearance as Attorney, for that attorney.

## IV. ADJUDICATION OF SIJ PETITIONS

The Defendants must adjudicate the Class Members' SIJ petitions in accordance with the Opinion & Order, and in accordance with the priority date listed on the original I-797C receipt notice for each Class Member's SIJ petition. Specifically:

> A. Each SIJ petitioner who has received a denial or a revocation and who self-identifies as a Class Member will be required to file Form I-290B, Notice of Appeal or Motion, with USCIS within **two years** of entry of this Amended Judgment; Class Members with pending SIJ petitions or pending I-290Bs before USCIS do not need to file Form I-290B. The filing fee associated with Form I-290B will be waived for Class Members. Defendants will review a self-designated Class Member's information to ensure Class eligibility as of the date of the filing of the I-290B. If Class eligibility is established for an SIJ petitioner who files an I-290B, Defendants will reopen and re-adjudicate that petitioner's case if the ground(s) for denial or revocation included the Competent Jurisdiction Requirement. A re-adjudication requires that all elements of SIJ eligibility be demonstrated. Accordingly, consistent with the Court's Opinion & Order, this paragraph does not limit Defendants' authority to deny SIJ petitions or dismiss motions to reopen for reasons other than the Competent Jurisdiction Requirement.
>
> B. Defendants shall not deny or issue NOIDs with respect to SIJ petitions, or revoke or issue NOIRs with respect to previously-granted SIJ petitions, based upon the Competent Jurisdiction Requirement. Consistent with the Court's Opinion & Order, this paragraph does not limit Defendants' authority to deny SIJ petitions or revoke previously-granted SIJ petitions for reasons other than the Competent Jurisdiction Requirement.
>
> C. For Class Members who have been issued NOIDs based upon the Competent Jurisdiction Requirement, the Defendants shall complete adjudication of each Class Member's petition for SIJ in accordance with the Court's Opinion & Order and Section IV.A of this Amended Judgment. This paragraph does not limit Defendants' authority to issue NOIDs, denials, NOIRs, or revocations

for reasons other than the Competent Jurisdiction Requirement as outlined in the Opinion & Order.

D. For Class Members who have been issued (i) denials, (ii) NOIDs, (iii) NOIRs, or (iv) revocations based upon the Competent Jurisdiction Requirement, the Defendants shall withdraw such NOIDs and NOIRs, reopen such denials and revocations, and adjudicate each Class Member's petition for SIJ in accordance with the Court's Opinion & Order and Section IV.A of this Amended Judgment. This paragraph does not limit the Defendants' authority to issue NOIDs, denials, NOIRs, or revocations for reasons other than the Competent Jurisdiction Requirement as outlined in the Opinion & Order.

E. Defendants will promptly reopen all Applications to Register Permanent Residence or Adjust Status (I-485s) and, if necessary, related Applications for Employment Authorization (I-765s) that were denied as a result of the denial of Class Members' I-360 SIJ petitions on grounds that included the Competent Jurisdiction Requirement for all Class Members who file Form I-290B with USCIS in accordance with Section IV.A. This paragraph does not limit the Defendants' authority to deny I-485 and I-765 applications on grounds other than the Competent Jurisdiction Requirement, as set forth in the Immigration and Nationality Act, and applicable regulations.

## V. TIME FOR COMPLIANCE

A. USCIS's duties and obligations regarding compliance with the SIJ Statute as set out above in Section IV.A-D shall expire **three years** from the date of entry of this Amended Judgment, unless this provision is amended pursuant to Section VII.C to provide for a different expiration date. However, USCIS is under a continuing obligation not to violate the law as explained in Section II above, so long as the law explained in the Court's Opinion & Order remains unchanged.

B. USCIS's duties and obligations regarding compliance with the adjudication of SIJ petitions and related I-485 and I-765 applications, as described in Section IV.E, shall be completed as expeditiously as possible.

## VI. IMPLEMENTATION AND ENFORCEMENT OF THIS AMENDED JUDGMENT

A. **Record Keeping Requirements**: Defendants shall retain and preserve all records, forms, logs, reports, and other written documents, including electronic records and files that are relevant to the adjudications of SIJ petitions as set forth in this Amended Judgment. USCIS shall be responsible for maintaining and preserving, or supervising the maintenance and preservation of, these records. These records shall be maintained for so long as the Court retains

jurisdiction over this action, or longer if required by law or regulation, as set out below in Section VII.

**B.** **Compliance Reports**: Defendants shall file with the Court a status report relating to Defendants' compliance with the notice provisions, as set out in Section III, within three months of the date of entry of this Amended Judgment. This status report shall include the number of mailings made by Defendants in connection with Section III.C of this Amended Judgment. Additionally, Defendants shall file with the Court semi-annual reports ("Compliance Reports"), every six months, beginning six months after the date of entry of this Amended Judgment, identifying all actions taken by Defendants to comply with the terms of this Amended Judgment so long as the Court retains jurisdiction over this action, in accordance with Section VII below.

The following information shall be included in the Compliance Reports:

**1.** A description of all actions taken by Defendants to comply with the terms of this Amended Judgment.

**2.** A status report as to Defendants' continued compliance with all deadlines contained in this Amended Judgment.

**C.** Plaintiffs, through Class Counsel, shall have the opportunity to submit a response to any Compliance Report within ten days of filing, and request a hearing with the Court as needed.

**D.** **Adverse Adjudicatory or Enforcement Action, Including Revocations of SIJ and Removal Proceedings**: Defendants will continue to follow all statutory and regulatory notice requirements applicable to Class Members related to the adjudication of SIJ petitions and the intent to initiate removal proceedings, including, but not limited to, issuing a Request for Evidence (RFE) or a Notice of Intent to Deny (NOID), where warranted, or a Form I-862, Notice to Appear (NTA), or any other charging document, where warranted. Should a Class Member file a motion to reopen immigration removal proceedings, the parties will confer in good faith regarding the Class Member's motion as it relates to the Class Member's SIJ status. This paragraph does not limit Defendants' discretion to consent, oppose, or take no position on any such motion to reopen based on the applicable facts and law.

## VII. RETENTION OF JURISDICTION

**A.** This Court shall retain jurisdiction over the action for three years after the entry of the Amended Judgment, unless amended pursuant to Section VII.C.

    **B.**    The parties agree to work cooperatively with one another and in good faith and agree to use their best efforts to effectuate the purposes of this Amended Judgment and the Opinion & Order, and to resolve informally any differences regarding the interpretation of and compliance with this Amended Judgment prior to bringing such matters to the Court for resolution.

    **C.**    The parties shall have the right to seek from the Court relevant modifications of this Amended Judgment in accordance with operative law at the time of the modification request, provided that any request for a modification has been preceded by good faith negotiations between the parties. The parties may agree in writing to modify the deadlines established in this Amended Judgment without Court approval, but such writing must be filed with the Court.

Dated: 5/31/19.

_____
Honorable John G. Koeltl
United States District Judge

Exhibit 1

~~EXHIBIT 2~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOTICE TO THE CLASS IN R.F.M., et al., v. Nielsen, et al., 18-cv-5068

**If you received a Special Findings Order from a New York Family Court after you turned 18 and then filed or plan to file a petition for Special Immigrant Juvenile ("SIJ") classification, you may be able to get help from a class action lawsuit against the U.S. Citizenship and Immigration Services ("USCIS"), the Department of Homeland Security, and other federal officers (the "Government").**

*A federal court authorized this notice. This is not an advertisement from a lawyer. It is being sent to give you important information. You are not in trouble.*

- **What is this case about?** The Plaintiffs claimed that the Government has imposed new, unlawful requirements for people who received Special Findings Orders from New York Family Court when they were 18, 19 or 20 years old and who applied for SIJ classification.

- **Why am I getting this notice?** The Court has found the Government violated the law for ALL people who have claims like the Plaintiffs. You are receiving this notice because you may have claims like the Plaintiffs – which would mean you are part of the class that may receive help as a result of this case.

- **How do I know if I am part of the class?** You are part of the class if you applied for SIJ classification, your application was based on a New York Family Court Special Findings Order issued between your 18th and 21st birthdays making the findings necessary to apply for SIJ classification, and after January 1, 2016:

    (1) You have received from USCIS a Notice of Intent to Deny ("NOID") your SIJ status application on the ground that the Family Court does not have jurisdiction as a "juvenile court" over petitioners between the ages of 18 and 21 and/or that the New York Family Court does not have the authority to "reunify" petitioners between the ages of 18 and 21 with their parents; or

    (2) You have received a denial of your SIJ status application from a USCIS Field Office or the USCIS National Benefits Center on the grounds in (1), above; or

    (3) You have received a denial of your SIJ status application from a USCIS Field Office or the USCIS National Benefits Center and you have filed an appeal to the Administrative Appeals Office ("AAO") of USCIS, and you have received a NOID in response to your appeal on the grounds in (1), above; or

(4) You have received a denial of your appeal from the AAO on the grounds in (1), above; or

(5) Your SIJ application was granted, but you have received a Notice of Intent to Revoke ("NOIR") your SIJ status from USCIS on the grounds in (1), above; or

(6) Your SIJ application was granted, but your SIJ status has been revoked by USCIS on the grounds in (1), above; or

(7) You are still waiting for a decision from USCIS about your SIJ application which was filed with a New York Family Court Special Findings Order.

- **Do I need to do anything in response to this notice?** This notice is meant to inform you that you may have rights as a result of this lawsuit:

    - If you believe you are a member of the Class and you have a final removal order, you should contact Class Counsel immediately. (See page 4 for contact information.)

    - If you are part of the class, and you received a denial or revocation, you MUST file a Form I-290B, Notice of Appeal or Motion by May ___, 2021, unless you previously filed a Form I-290B in response to the denial or revocation of your SIJ petition and that Form I-290B is still pending. Form I-290B is available at https://www.uscis.gov/i-290b. You do not need to pay a fee to file this form or file an I-912 Request for Fee Waiver. You must file your Form I-290B at the address below **and** you must clearly write "**FEE EXEMPT—RFM**" either on the first page of your Form I-290B **or** on the cover letter, if any, that is included with your Form I-290B.

        USCIS
        P.O. Box 5510
        Chicago, IL 60680-5510

    - If you are a Class Member, you do *not* need to file a Form I-290B if you: (1) have filed a SIJ petition and are still waiting for a decision, even if you have received a NOID, (2) have received a denial of your SIJ status petition but have already filed a Form I-290B that is still pending, or (3) were previously granted SIJ status but have received a NOIR.

- **What help will I get?** The Court issued an Opinion & Order on March 15, 2019, finding that the Government violated federal law in denying the SIJ petitions of individuals who based their petitions on Special Findings Orders issued by the New York Family Court between their 18th and 21st birthdays on the ground that the New York Family Court did not have the power to issue the Special Findings Orders. The Court also entered an Amended Judgment on [_____], which grants final declaratory and injunctive relief to Class Members in this case.

3

- If you are a Class Member who received a denial of your SIJ application or revocation of your SIJ status, you MUST file a Form I-290B by [May __, 2021] to benefit from this lawsuit unless you have already filed a Form I-290B in response to the denial or revocation and that Form I-290B is still pending. If you are a Class Member, the filing fee for Form I-290B will be waived. In your Notice of Appeal or Motion, you must state that the ground for your motion is the Court's decision in R.F.M. The Government will process your motion in accordance with the Amended Judgment. If you do not have an attorney, please contact Class Counsel at 212-418-7626 or NYSIJClassCounsel@lw.com to assist you with your I-290B.

- If you are a Class Member and (1) have not received any decision, even if you received a NOID, or (2) your petition was denied but you have already filed a Form I-290B that is still pending, or (3) your petition was granted and you later received a NOIR but your SIJ status has not been revoked, you do not need to file a Form I-290B and the Government will decide your petition in accordance with the Amended Judgment.

### THE LAWYERS REPRESENTING YOU

1. **Do I have a lawyer in this case?**

   The Court has decided that the law firms Latham & Watkins LLP and The Legal Aid Society are qualified to represent you and all Class Members in this case, R.F.M., et al., v. Nielsen, et al., 18-cv-5068. These lawyers are called Class Counsel. They are experienced in handling similar cases. If you have any questions about this case or the enforcement of the judgment in this case, you may contact Class Counsel at 212-418-7626 or NYSIJClassCounsel@lw.com.

2. **Should I get my own lawyer?**

   You do not need to hire your own lawyer to help you with the specific issues in this lawsuit, because Class Counsel is working on your behalf regarding these issues. You may want to have your own lawyer to determine whether you need to file the Form I-290B and in filing the Form I-290B. In addition, if you have other immigration issues besides the issues in this case, you may want to have your own lawyer to help you with those other issues.

3. **How will the lawyers be paid?**

   You will not have to pay any fees or expenses to Class Counsel. If you want your own independent lawyer, you may have to pay that lawyer.

4

# IF YOU HAVE ANY QUESTIONS, CONTACT CLASS COUNSEL AT 212-418-7626 OR NYSIJCLASSCOUNSEL@LW.COM.