ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
R.F.M., T.D., S.W., D.A.F.A., and O.M.S., on
behalf of themselves and all others similarly
situated,

                              Plaintiffs,

      v.

ALEJANDRO MAYORKAS,[1] *et al.*,

                              Defendants.
-----------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/14/21

18 Civ. 5068 (LLS) (OTW)

## PRIVACY ACT ORDER AND PROTECTIVE ORDER

The Court enters this Privacy Act Order and Protective Order, upon the joint request of Plaintiffs and Defendants, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and other statutes, and assuring the confidentiality of information that may be disclosed by the parties or by any non-party agencies, departments, or offices of Defendants in post-judgment discussions relating to individual class members in this matter. The Court, having found that good cause exists for entry of this appropriately-tailored Privacy Act Order and Protective Order, hereby

ORDERS that any person subject to this Order—including without limitation the parties to this action, their representatives and agents and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

---

[1] In accordance with Fed. R. Civ. P. 25(d), Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security, is substituted as a party defendant for Kirstjen Nielsen.

1. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes Defendants, at their discretion, to release information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. This Order further authorizes Defendants, at their discretion, to release information that is otherwise prohibited from disclosure by other applicable statutes or privileges, including but not limited to 8 U.S.C. § 1367, regulations including but not limited to 8 C.F.R. §§ 204, 208, and 214, and each of their subparts, or other authorities. The terms of this Order shall govern the safeguarding of such Protected Information (as defined below) by all individuals referenced herein, and (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; and (3) any testimony, conversations, or presentations by parties or their counsel that reveal Protected Information.

2. As used in this Order, the term "Protected Information" constitutes:

   a) Information exempted from disclosure under the Privacy Act, 5 U.S.C. § 552a, *et. seq.*, 8 U.S.C. § 1367, corresponding regulations including but not limited to 8 C.F.R. §§ 204, 208, and 214, and each of their subparts;

   b) Information covered by Federal Rule of Civil Procedure 5.2(a);

   c) Any individual's birth date, social security number, tax identification number, alien registration number ("A number"), passport numbers, driver's license numbers, and any similar numbers assigned to an individual by a federal, state, or local government of the United States or

        government entity of another country if not subject to privilege or other restrictions prohibiting disclosure;

    d)     Any and all other documents or records (including but not limited to the A File), and information contained in USCIS systems that contain any confidential, proprietary, personal, or similar information, including copies or summaries made thereof and any information derived therefrom.

    e)     Any personal identifying information of any third parties identified in the class members' documents, including their names, addresses, birth dates and any other identifying information that may be present in such documents.

3.     The court finds that the disclosures authorized do not violate the provisions of 5 U.S.C. § 552a, *et. seq.*, 8 U.S.C. § 1367.

4.     Information that Plaintiffs or Defendants deem Protected Information shall be designated as such by including the phrase "Subject to Protective Order" on any correspondence, document or record containing Protected Information. The duty of the parties and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Information so designated shall commence when the Protected Information is received by the receiving party.

5.     Except as provided in this Order, all Protected Information produced or exchanged pursuant to this Order shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

6. All Protected Information shall be used by the parties only for purposes of post-Amended Judgment communications, either among the parties or with the Court, regarding members of the R.F.M. Class, as that term is defined in Section I.D of the Amended Judgment. The receiving party shall not use Protected Information for any business, commercial, competitive, personal or other purpose and shall not disclose such Confidential Information to anyone other than those set forth in Paragraph 7, unless and until the restrictions herein are waived or removed by written agreement of counsel for the parties, or by Order of the Court.

7. Any document, record, or information designated as Protected Information may be disclosed only to the following "Qualified Persons":

    i. Defendants, attorneys for Defendants, and any support staff or other employees of Defendants who are assisting in this action;

    ii. The attorneys of record at Latham & Watkins LLP and The Legal Aid Society (jointly, "Class Counsel"), which have been appointed class counsel for the Plaintiffs and all similarly situated persons, and other employees and support staff of Class Counsel to whom it is necessary that the Protected Information be shown for purposes of the parties' discussions;

    iii. Any attorney(s) or qualified representative who are representing R.F.M. class members in their individual immigration and/or family court matters relating to their petitions for Special Immigrant Juvenile Status, provided that the disclosed Protected Information relates only to the R.F.M. class members that the attorney or qualified representative represents and that each attorney(s) or qualified representative(s) sign the Acknowledgment form attached hereto as Exhibit A;

    iv. The R.F.M. class member whose Protected Information is disclosed;

v.   The Court and its support personnel; and

vi.   Such other persons as hereafter may be authorized by the Court upon motion of any party.

8.   A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Order shall be binding upon each such person to whom disclosure is made.

9.   All Qualified Persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

10.   If counsel for any party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary. The producing party shall respond in writing to such objection and shall state the grounds for asserting the objection within 7 days of receipt of the notice. There shall be no disclosure after an objection has been made until the objection has been resolved. If the dispute cannot be resolved by agreement, counsel seeking to disclose, disseminate or transmit Protected Information shall present the dispute to the Court consistent with the local rules and Individual Practices of the Court, and the Protected Information at issue shall not be disclosed until the Court has resolved the dispute.

11. If Protected Information produced under this Order is required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Protected Information shall, before receiving the Protected Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgement form. A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for the producing party.

12. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Information that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's assertion of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. A party may rectify such inadvertent or unintentional disclosure by notifying in writing all parties to whom the material was disclosed, within a reasonable time after disclosure, that the material should have been designated Protected Information. Such notice shall constitute a designation of the information, document or thing as Protected Information under this Protective Order.

13. Within thirty days after USCIS's duties and obligations regarding compliance with Sections IV.A–D of the Amended Judgment have expired in accordance with Sections V.A and VII.C of the Amended Judgment, all Protected Information and copies thereof in the possession of any Qualified Persons shall be returned to the producing parties or destroyed. If the Protected Information is destroyed, the party that has destroyed the Protected Information

shall certify in writing to the producing party that the Protected Information in its possession has been destroyed.

14. Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

15. The terms of this Order shall survive the termination of this action for purposes of enforcing this Order.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED TO BY:

Dated: New York, New York  
May 12, 2021

Dated: New York, New York  
May ___, 2021

LATHAM & WATKINS LLP

By: _____
Robert J. Malionek
Alexander R. DeLisi
Benjamin A. Dozier
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200


THE LEGAL AID SOCIETY

By: _____
Lisa Freeman
Beth Krause
Elizabeth Rieser-Murphy
199 Water Street, Third Floor
New York, New York 10038
Telephone: (212) 577-3536

*Attorneys for Plaintiffs*


AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____
KIRTI V. REDDY
TOMOKO ONOZAWA
Assistant U.S. Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2751/2721
Facsimile:   (212) 637-2686

*Counsel for Defendants*


SO ORDERED.

_Louis L. Stanton_
HONORABLE LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE

May 14, 2021

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
R.F.M., T.D., S.W., D.A.F.A., and O.M.S., on
behalf of themselves and all others similarly
situated,

,S,

v.

ALEJANDRO MAYORKAS, *et al.*,

.S.

-----------------------------------------------------------x

18 Civ. 5068 (LLS) (OTW)

## ACKNOWLEDGMENT

I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the case *R.F.M. v. Mayorkas*, 18 Civ. 5068 (LLS), and I agree to be bound by its terms.

Date: _____

Name (printed): _____

Signature: _____